JAMES GRIGSBY v. THE STATE.

No. 3957. Decided February 16, 1916.

Misdemeanor—County Court—Appeal—Jurisdiction.

Where appellant was tried in the Corporation Court and appealed to the County Court where he was fined one hundred dollars, the judgment was final and no appeal lies to this court.

Appeal from the County Court of Bexar. Tried below before the Hon. Nelson Lytel.

Appeal from a misdemeanor; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

C. C. McDonald, Assistant Attorney General, for the State.—On question of want of jurisdiction: Neubauer v. State, 31 Texas Crim. Rep., 513; Goldman v. State, 35 id., 436; Monroe v. State, 42 id., 277; May v. State, 59 id., 141; Haak v. State, 60 id., 367; Corbett v. State, 70 id., 73; Campbell v. State, 71 id., 300; Lockett v. State, 67 Texas Crim. Rep., 438, 148 S. W. Rep., 305; Holman v. State, 73 Texas Crim. Rep., 576, 166 S. W. Rep., 506; Allen v. State, 74 Texas Crim. Rep., 25, 167 S. W. Rep., 342.

DAVIDSON, JUDGE.—Appellant appealed his case from the Corporation Court to the County Court, in which latter court the case was tried de novo, and a fine of $100 imposed.

Motion is made to dismiss the appeal because this judgment is final, not being in excess of $100. This is a correct motion under article 87 of the Code of Criminal Procedure, 1911. See 2 vol. Vernon's Crim. Stat., art. 87, and note containing a great number of decisions upon this question. That statute requires finality of judgment in the County Court where the fine is not in excess of $100.

The appeal, therefore, will be dismissed.

*Dismissed.*