COLF v. STATE. (No. 4378.)

(Court of Criminal Appeals of Texas. March 7, 1917.)

CRIMINAL LAW ⬥1020—APPEAL—JURISDICTION—EXTENT OF PENALTY.

Under Code Cr. Proc. 1911, art. 87, limiting the jurisdiction of the Court of Criminal Appeals, prescribed by article 86, by providing that such section shall not be construed so as to embrace cases appealed from justices', mayors' or other inferior courts to the county court, and in which the judgment rendered or fine imposed by the county court shall not exceed $100, exclusive of costs, and that in such cases the judgment of the county court shall be final, where there is a trial de novo in the county court on appeal from the corporation court of a city, and the punishment is fixed at a fine of less than $100, the Court of Criminal Appeals is without jurisdiction on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2578–2580.]

Appeal from Dallas County Court at Law; T. A. Work, Judge.

Harry A. Colf was convicted of an offense, and he appeals. Appeal dismissed.

William H. Atwell, of Dallas, for appellant. C. F. O'Donnell, of Dallas, Grady Niblo, and E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. Appellant was charged with unlawfully exhibiting a moving picture in the city of Dallas without the written permission and approval of the authorized censor of commercialized amusements, contrary to the ordinances of the city of Dallas. He was tried in the corporation court, and appealed to the county court, and there tried upon an agreed statement of facts and convicted; his punishment being fixed at a fine of $50.

Article 86 of the Code of Criminal Procedure provides that the appellate jurisdiction of the Court of Criminal Appeals shall be coextensive with the limits of the state in all criminal cases of whatever grade. Article 87, however, limits this jurisdiction as follows:

"The preceding section shall not be so construed as to embrace cases which have been appealed from justices,' mayors' or other inferior courts, to the county court, and in which the judgment rendered or fine imposed by the county court shall not exceed one hundred dollars, exclusive of cost. In such cases, the judgment of the county court shall be final."

This statute has often been construed, as will appear by the list of cases cited in Vernon's Code of Criminal Procedure under article 87 at page 47. The latest case noted upon the subject is Grigsby v. State, 183 S. W. 143.

It has been held in the case of Matula v. State, 72 Tex. Cr. R. 189, 161 S. W. 965, that, where there is no trial de novo in the county court, and where the complaint is that the appellant was illegally deprived of such a trial on his appeal from the corporation court to the county court, this court will have jurisdiction to review the proceedings. But it has been uniformly held in cases mentioned above that, where there is a trial de novo in the county court, and the punishment is fixed at a fine of less than $100, this court is without jurisdiction on appeal from such judgment. The statute mentioned and the construction thereof referred to controls the action of this court, and its jurisdiction in this case is denied.

We are without authority to pass on the important questions discussed in the briefs on file, but must, in obedience to the statute, dismiss the appeal; and it is so ordered.