### HARRY A. COLF v. THE STATE.

No. 4378.   Decided March 7, 1917.

**Moving Pictures—Jurisdiction—Right of Appeal—Statutes Construed.**

    Where appellant was charged with unlawfully exhibiting a moving picture under a city ordinance, tried in the Corporation Court of said city, and was there tried and convicted, and appealed to the County Court, and there again tried and convicted upon an agreed statement of facts and his punishment fixed at a fine of $50, an appeal from said latter judgment to this court must be dismissed for want of jurisdiction. Following Grigsby v. State, 79 Texas Crim. Rep., 84. Distinguishing Matula v. State, 72 Texas Crim. Rep., 189. See article 86 and 87, Code Criminal Procedure.

Appeal from the County Court at Law of Dallas. Tried below before the Hon. T. A. Work.

Appeal from a conviction of a violation of a city ordinance for exhibiting moving pictures without permission; penalty, a fine of fifty dollars.

The opinion states the case.

*William H. Atwell,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, *C. F. O'Donnel,* and *Grady Niblo,* for respondent.—Cited cases in opinion, and Allen v. State, 74 Texas Crim. Rep., 25, 167 S. W. Rep., 342; Holman v. State, 73 Texas Crim. Rep., 576, 166 S. W. Rep., 506; Thomas v. State, 71 Texas Crim. Rep., 484, 160 S. W. Rep., 380.

MORROW, JUDGE.—Appellant was charged with unlawfully exhibiting a moving picture in the City of Dallas without the written permission and approval of the authorized censor of commercialized amusements, contrary to the ordinances of the City of Dallas He was tried in the Corporation Court, and appealed to the County Court, and there

tried upon an agreed statement of facts and convicted, his punishment being fixed at a fine of $50.

Article 86 of the Code of Criminal Procedure provides that the appellate jurisdiction of the Court of Criminal Appeals shall be co-extensive with the limits of the State in all criminal cases of whatever grade. Article 87, however, limits this jurisdiction as follows: "The preceding section shall not be so construed as to embrace cases which have been appealed from justices', mayors' or other inferior courts, to the County Court, and in which the judgment rendered or fine imposed by the County Court shall not exceed one hundred dollars, exclusive of cost. In such cases the judgment of the County Court shall be final." This statute has often been construed as will appear by the list of cases cited in Vernon's Code of Crim. Proc., under article 87, at page 47. The latest case noted upon the subject is Grigsby v. State, 79 Texas Crim. Rep., 84, 183 S. W. Rep., 143.

It has been held in the case of Matula v. State, 72 Texas Crim. Rep., 189, that where there is no trial de novo in the County Court, and where the complaint is that the appellant was illegally deprived of such a trial on his appeal from the Corporation Court to the County Court, that this court will have jurisdiction to review the proceedings. But it has been uniformly held, in cases mentioned above, that where there is a trial de novo in the County Court, and the punishment is fixed at a fine of less than one hundred dollars, that this court is without jurisdiction on appeal from such judgment. The statute mentioned, and the construction thereof referred to, controls the action of this court, and its jurisdiction in this case is denied. We are without authority to pass on the important questions discussed in the briefs on file, but must, in obedience to the statute, dismiss the appeal, and it is so ordered.

*Dismissed.*