## FRANK ZUMMO v. THE STATE.

No. 22599.   Delivered November 10, 1943.

The opinion states the case.

*Wider & Ippolito,* of Beaumont, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

The prosecution originated in the Justice of the Peace Court in Jefferson County, where appellant was convicted for violating the Pure Food Law. He appealed to the County Court at Law of Jefferson County and upon trial there was again convicted and his punishment assessed at a fine of $100.00. It is from this conviction in the County Court that appellant attempts to prosecute this appeal.

Our State's Attorney has filed a motion to dismiss the appeal on the ground that under the provision of Art. 53 C. C. P. this court has no jurisdiction to entertain the appeal. Said article reads as follows: "The Court of Criminal Appeals shall have appellate jurisdiction co-extensive with the limits of the State in all criminal cases. This article shall not be so construed as to embrace any case which has been appealed from any inferior court to the county court or county court at law, in which the fine imposed by the county court or county court at law shall not exceed one hundred dollars." See Grigsby v. State, 79 Tex. Cr. R. 84, 183 S. W. 143; Foard v. State, 79 Tex. Cr. R. 330, 185 S. W. 570; Ex parte Largent, 162 S. W. (2d) 419. The statute in question has been passed upon so many times we only refer for collation of cases to Vol. 1, Vernon's Tex. C. C. P. under said Art. 53; Branch's Ann. Tex. P. C., Sec. 409; Sec. 15, p. 30, Vol. 4, Tex. Jur.

It is the contention of appellant that the complaint under which he was prosecuted charged no offense against the law, and while admitting that this court has no jurisdiction to review the facts it does have jurisdiction to determine the validity of the complaint. In the present procedure it is a question of jurisdiction. This court either has it, or it does not. If it has no jurisdiction it is without power to do anything but dismiss the appeal. The appeal in Colf v. State, 81 Tex. Cr. R. 25, 193 S. W. 148 was dismissed for want of jurisdiction. In the opinion is found this statement, "We are without authority to pass on the important questions discussed in the briefs on file, but must in obedience to the statute, dismiss the appeal." Our attention was attracted by the language quoted, and an examination of the original record in that case reveals that one of the questions attempted to be raised was that the complaint under which Colf was prosecuted charged no offense.

The State's motion is sustained and the appeal is dismissed.