### T. P. JONES v. S. J. CURTIS.

#### Decided May 25, 1909.

**1.—Judgment—Justice Courts—Terms.**

A judgment of a justice of the peace is within the control of the court during the term, and the term continues during the month in which it is rendered.

**2.—Same.**

Where judgment by default was rendered by a justice of the peace and during the term a new trial was granted, the justice had the power during the term to set aside the latter order and proceed to try the case without notice to defendant, and, the case having been tried by him without a jury, to render judgment for the plaintiff without again hearing the evidence. The statute did not continue the cause by its own operation when the first judgment was set aside. Revised Statutes, art. 1655. Case followed, Cohen v. Moore, 101 Texas, 45.

**3.—Same.**

Where the justice rendered judgment by default and at the same term set it aside and thereafter during the term entered an order as follows: "Order of court setting aside judgment withdrawn and judgment sustained," same being dated and signed, the legal effect was to render judgment as in the first judgment for plaintiff, to take effect the date of the last order.

**4.—Injunction—Judgment—Legal Remedy.**

Injunction would not lie to prevent the execution of a judgment rendered by a justice of the peace, where it appeared that the defendant in the judgment knew of such judgment during the term and failed to avail himself of his legal remedy by motion for new trial and appeal, and offered no excuse for such failure. The legal remedy was neither doubtful nor uncertain.

Appeal from the District Court of Navarro County. Tried below before Hon. H. B. Davies.

*R. S. Neblett* and *R. R. Owen,* for appellant.

*Richard Mays,* for appellee.—The trial court committed no error in granting the writ of injunction. because the judgment by default had been lawfully set aside and the cause reinstated upon the docket for

trial, and no valid judgment was thereafter rendered or entered against appellee upon which the threatened execution could lawfully issue, and the affirmative finding of the trial court to this effect is conclusive. Waters-Pierce Oil Co. v. State, 47 Texas Civ. App., 299; Sayles' Statutes, art. 1333; Kimball v. Houston Oil Co., 100 Texas, 336; Campbell v. Stover, 104 S. W., 1047; 100 S. W., 800; 102 S. W., 734; 102 S. W., 918.

The act of said Jones on March 11, 1909, in attempting to render judgment against appellee, was wholly illegal and void because the said Jones was without power on that date, in the absence of a hearing given appellee, to revoke or set aside the judgment of March 9, 1909, granting appellee a new trial and reinstating the cause upon the docket for trial, or to render any judgment against appellee. To hold that he had such power would be in effect to condemn Curtis without a hearing and take his property without due process of law in violation of the Constitution of the State of Texas and of the United States.

In Schintz v. Morris, 13 Texas Civ. App., 586, Fisher, Chief Justice, cites Converse v. Bloom, 20 La. Ann., 555, which holds, "That when a judge has made an order in general terms granting a new trial, he can not afterwards and before the trial enter the judgment as to one of the parties." And also cites City of San Antonio v. Dickman, 34 Texas, 650, which holds, "That granting a new trial has the effect to reinstate the cause on the docket as though there has been no trial. . . ." Lummus v. Wade, 95 S. W., 17; U. S. Const., 14th Amendment; Texas Const., art. 1, sec. 19; Town v. Guerguin, 93 Texas, 608.

The Supreme Court have always heretofore held that the justice of the peace lost jurisdiction over the case after the expiration of ten days from the date of the judgment, and that a party dissatisfied with the judgment can not appeal therefrom unless the appeal bond is filed within the ten-day period. Article 1652 of the Statutes; Carter v. Van Zandt, 75 Texas, 286; Odle v. Davis, 35 S. W., 721; Bond v. Rintleman, 24 Texas Civ. App., 298; Parker v. Boyd, 42 S. W., 1031; Grant v. Fowzes, 3 W. & W., sec. 105; Adams v. Casey-Swasey Co., 15 Texas Civ. App., 379, in which the Supreme Court refused a writ of error; Texas & P. Ry. Co. v. Gill, 9 Texas Civ. App., 139; Missouri Pac. Ry. Co. v. Houston Flour Mills Co., 2 W. & W., sec. 571.

Without overruling or referring to these cases the Supreme Court in the case of Cohen v. Moore, 101 Texas, 45, holds that the Justice Court has jurisdiction over its judgments during its term, which it says is the entire month. In that case the justice of the peace set aside the judgment by default on the same day it was rendered, and agreed with the plaintiff to continue it until the next term. This he failed to do, but set the case down for trial for a later day in the term, and had a trial of the case on that date without notice, however, to the plaintiff Cohen. It was held that the court had jurisdiction to try the case on the date mentioned. But in the case at bar there was not only no notice to Curtis or his attorney, but there was no trial on March 11th. The Martin & Hoyt Co. did not even file a motion requesting Jones so to do.

It being at least doubtful as to whether Curtis had the right of

appeal or certiorari from the order of March 11th, and it being uncertain as to whether he had an adequate remedy at law, the District Court in the exercise of its general equity jurisdiction, properly granted the writ of injunction. Sumner v. Crawford, 91 Texas, 129.

BOOKHOUT, ASSOCIATE JUSTICE.—The Martin & Hoyt Company of Atlanta, Georgia, filed suit against S. J. Curtis in the Justice Court on the 12th day of February, 1909. Upon the same day service was had upon Curtis. On March 1st, the regular appearance day of the court, judgment by default was rendered against him for $39.50. On March 9th, upon motion of Curtis's counsel without notice to the Martin & Hoyt Company, the justice set aside the default judgment. On March 11th, on motion of the plaintiff, the justice of the peace made an order in the case on his docket in substance withdrawing the order granting the new trial and reinstating the judgment of March 1st. Appellee S. J. Curtis filed his petition for injunction in the District Court on March 29, 1909, against Jones, justice of the peace, and Martin & Hoyt Company, a foreign corporation, plaintiffs in judgment. Notice of the petition was duly given to said Jones and to R. R. Owen, attorney for said Martin & Hoyt Company, "to show cause, if any they have, why the relief prayed for be not granted." The hearing upon the application for injunction was had before the honorable district judge, in open court, on April 2, 1909, and judgment entered granting an injunction.

The trial court was of the opinion that no execution could legally issue on either the judgment of date March 1, 1909, or March 11, 1909. He seems to have been of the opinion that the justice of the peace had the right to render a legal judgment on March 11th, but that upon setting aside his order granting a new trial he should have proceeded to try the cause, but could not reinstate his judgment of March 1st. The correctness of this ruling is now before us for our consideration. The statute provides that where a judgment is set aside the cause shall be continued until the next term of court unless otherwise agreed by the parties with the consent of the justice. (Art. 1655, Rev. Stats. of 1895.) It is held that this statute does not continue the cause by its own operation, but is only a direction to the court. That if it had the effect to continue the cause this would not deprive the court of its inherent power to set aside the continuance during the term and trying the case without notice to the opposite party. That opinion also holds that the term of the Justice Court continues during the month. Cohen v. Moore, 101 Texas, 45.

While we do not agree with that opinion, we are governed by the decisions of the Supreme Court and compelled to follow its rulings. It seems to us that the statute having authorized the justice to grant a new trial at any time within ten days after judgment, it logically follows his judgments become final and he loses control over the same, except to enforce them, if not set aside within ten days. (Art. 1652, Rev. Stats.; Jones v. Collins, 70 Texas, 752; Carter v. Van Zandt, 75 Texas, 286; Odle v. Davis, 35 S. W., 721.) The ruling in the case cited leaves room for great abuse, in that a party to a cause in the Justice's Court may induce the justice to change, modify or set aside

his judgments or render a different judgment without notice to the other side at any time during the month, and litigants in these courts can not definitely determine until the end of the term whether the judgment as first rendered is to stand as the judgment of the court.

Under the ruling in the case cited, Justice Jones had the power, the term of court not having terminated, to set aside the order granting the new trial and to proceed to try the case, and, the case having been tried by him without a jury, he had power to render judgment without again hearing the evidence. (Blackburn v. Knight, 81 Texas, 331; Mitchell v. Mitchell, 84 Texas, 306; Taylor v. Gribble, 33 S. W., 765.)

The trial court, as we understand the record, so held, but further held that the justice did not render such judgment as will furnish the basis of or support an execution. The orders on the justice's docket, as taken from appellant's brief, are as follows:

"The Martin & Hoyt Company v. S. J. Curtis, suit upon an itemized account for $39.50, filed February 11, 1909, citation issued February 12, 1909, returnable to the March term, A. D. 1909. Judgment by default March 1, 1909. This day this cause came on to be heard, the plaintiff appeared in open court by the attorneys and announced ready for trial. But the defendant came not but wholly made default, and it appearing to the court that the defendant being duly cited according to law, that plaintiff is entitled to judgment by default. It is therefore ordered, adjudged and decreed by the court that plaintiff, The Martin & Hoyt Company, do have and recover of and from the defendant, S. J. Curtis, the sum of $39.50, together with all costs of their suit, for all which let execution issue. It is further ordered, adjudged and decreed by the court that the officers of the court do have and recover of and from each party of suit their costs as it by each accrued, for all which let execution issue." "Judgment entered and recorded this first day of March, 1909. T. P. Jones, J. P."

"Judgment set aside by the court upon motion by the defendant this ninth day of March, 1909. T. P. Jones, J. P."

"Order of court setting aside judgment withdrawn and judgment sustained this March 11, 1909. T. P. Jones, J. P."

In the case of Clay v. Clay, 7 Texas, 258, in speaking of the sufficiency of justice's proceedings, it was said: "Great liberality and indulgence are extended to the proceedings of justices of the peace, who are supposed not to be skilled in the forms of judicial proceedings observed in courts of record. If their proceedings are intelligible and attain the ends of substantial justice, they are generally sustained." Entries of judgments in Justice's Courts have been held sufficient in form as follows: "Defendant came forward and acknowledged judgment." Wahrenberger v. Horan, 18 Texas, 57. "Defendant acknowledged judgment for principal, interest and costs of suit." Davis v. Rankin, 50 Texas, 285. "Judgment for plaintiff." 12 Texas Civ. App., 63. The proceedings in Justice Jones' court are sufficiently intelligible to tell what judgment was rendered.

The meaning of the order of the 11th of March is that the justice withdraws his order granting defendant a new trial, and on that day sustains the judgment rendered by him on March 1st, in favor of Martin & Hoyt Company. The legal effect of this order is to render

judgment for Martin & Hoyt Company against defendant, Curtis, for the same amount as the judgment of March 1st, to take effect March 11th. While Curtis was not present at the time the order of March 11th was entered, he had notice of it during the term and made no attempt to have it set aside or to prosecute an appeal. Before the close of the term he filed his petition for an injunction, and shows no sufficient excuse for his failure to move for a new trial or to appeal.

The term of the Justice's Court not having terminated when the injunction was applied for, appellee could then have moved for a new trial, the judgment being at the time under the control of the magistrate. (Bryorly v. Clark, 48 Texas, 345; Hamblin v. Knight, 81 Texas, 351.) Thus, it is seen that appellee had an adequate remedy by motion for new trial or appeal. Before he could resort to equity he was required to show that he had exhausted his legal remedy. (Nevins v. McKee, 61 Texas, 412; Johnson v. Templeton, 60 Texas, 238.) He was required to show that he had a good defense to the cause of action and that he was prevented from making the same by the fraud, accident or acts of the opposite party, and that he himself was free from fault or negligence in not having presented the same. But appellee contends that it being doubtful whether he had the right of appeal or to apply for certiorari from the order of March 11th, and it being uncertain whether he had an adequate remedy at law, the district judge in the exercise of his equity jurisdiction properly granted the writ of injunction. We do not concur in this contention. The remedy of appellee by motion for new trial was neither doubtful nor uncertain. The petition failed to show that he had exhausted his legal remedy and was therefore defective. (Bryorly v. Clark, *supra.*)

The judgment is reversed and the injunction dissolved and the cause dismissed.

*Reversed and dismissed.*