## FRANK MATULA V. THE STATE.

### No. 2839.    Decided December 10, 1913.

**Disturbing Peace—Corporation Court—Right of Appeal—Recognizance.**

Where appellant was convicted for disturbing the peace in the Corporation Court and appealed to the County Court, where his appeal was dismissed on

account of a defective appeal bond, he had a right to appeal to this court. However, his recognizance to this court is defective in failing to recite that he would abide by the judgment of the Court of Criminal Appeals in this case.

Appeal from the County Court of Fort Bend. Tried below before the Hon. W. I. McFarlane.

Appeal from a conviction of disturbing the peace; appeal from dismissal of appeal in said County Court on account of defective bond.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted for using language calculated to provoke a breach of the peace.

The conviction occurred in the Corporation Court. The case went on appeal to the County Court, where it was dismissed on motion of the county attorney. Another appeal bond was given after the first motion was sustained, and to this also a motion to dismiss was interposed and sustained by the court. From this action of the court this appeal is prosecuted.

Where a case has been appealed from an inferior court to the County Court and there dismissed, the appellant would have the right to prosecute an appeal in conformity with the law. Cases of this character are not within the purview of the statute which prohibits an appeal where the fine is less than one hundred dollars in the County Court when appealed from an inferior court. If appellant complies with the law he is entitled to a trial de novo and where he is deprived of that trial he is entitled to an appeal to this court for revision of the action of the court dismissing his appeal in the County Court. The trouble, however, is the recognizance entered into by appellant is not in compliance with the statute, for, among other things, the recognizance fails to recite one of the causes in the statutory form, which requires the appellant to abide the judgment of the Court of Criminal Appeals "in this case." This language, "in this case," is omitted. This, under a great number of decisions, is held to be insufficient. That language or expression must be employed in the appeal recognizance. We would be inclined, however, if we entertained jurisdiction and tried the case on its merits, to sustain the action of the County Court in dismissing the appeal for want of a sufficient bond in the County Court to justify the appeal from the County Court. However, the appeal is here dismissed.

*Dismissed.*