There being no error shown, the judgment is affirmed.

---

### MATULA v. STATE.

(Court of Criminal Appeals of Texas. Dec. 10, 1913.)

1. CRIMINAL LAW (§ 1020*) — APPEAL — APPEAL FROM INFERIOR COURT.

Where a criminal prosecution has been appealed from an inferior court to the county court and there dismissed, the appellant may procure a further appeal to the Court of Criminal Appeals in conformity with the law; such cases not being within the statute prohibiting an appeal where the fine assessed in the county court on appeal from an inferior court is less than $100.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1020.*]

2. CRIMINAL LAW (§ 1017*) — APPEAL FROM INFERIOR COURT—TRIAL DE NOVO.

Where accused on appeal to the county court from a conviction in the corporation court is deprived of the right to a trial de novo to which he is entitled, he may enforce such right by a further appeal to the Court of Criminal Appeals.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2572–2576, 2589; Dec. Dig. § 1017.*]

3. BAIL (§ 68*)—RECOGNIZANCE—REQUISITES.

Where recognizance on appeal in a criminal case failed to recite one of the causes in statutory form which requires that the appellant abide the judgment of the Court of Criminal Appeals "in this case" the recognizance was insufficient to sustain the appeal.

[Ed. Note.—For other cases, see Bail, Cent. Dig. § 286; Dec. Dig. § 68.*]

Appeal from Ft. Bend County Court; W. I. McFarlane, Judge.

Frank Matula was convicted of using language calculated to provoke a breach of the peace, and he appeals. Dismissed.

C. E. Lane, Asst. Atty. Gen., for the State.

---

DAVIDSON, J. Appellant was convicted for using language calculated to provoke a breach of the peace. The conviction occurred in the corporation court. The case went on appeal to the county court, where it was dismissed on motion of the county attorney. Another appeal bond was given after the first motion was sustained, and to this also a motion to dismiss was interposed and sustained by the court. From this action of the court this appeal is prosecuted.

[1] Where a case has been appealed from an inferior court to the county court and there dismissed, the appellant would have the right to prosecute an appeal in conformity with the law. Cases of this character are not within the purview of the statute which prohibits an appeal where the fine is less than $100 in the county court when appealed from an inferior court.

[2] If appellant complies with the law he is entitled to a trial de novo, and where he is deprived of that trial he is entitled to an appeal to this court for revision of the action of the court dismissing his appeal in the county court.

[3] The trouble, however, is the recognizance entered into by appellant is not in compliance with the statute, for, among other things, the recognizance fails to recite one of the causes in the statutory form which requires the appellant to abide the judgment of the Court of Criminal Appeals "in this case." The language "in this case" is omitted. This, under a great number of decisions, is held to be insufficient. That language or expression must be employed in the appeal recognizance. We would be inclined, however, if we entertained jurisdiction and tried the case on its merits, to sustain the action of the county court in dismissing the appeal for want of a sufficient bond in the county court to justify the appeal from the county court.

However, the appeal is here dismissed.