DAVID JOSEPH v. STATE

No. 27,247. December 8, 1954
State's Motion for Rehearing Denied
(Without Written Opinion) February 9, 1955

*Seipel & Seipel,* San Antonio, for appellant.

*James C. Onion,* First Assistant District Attorney, *J. Lawton Stone* and *Harry J. Burns,* Assistants District Attorney, San Antonio, and *Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

This is an appeal from an order of the County Court at Law No. 1 of Bexar County dismissing appellant's appeal from a conviction in the corporation court of the city of Alamo Heights.

The grounds of the dismissal were that the appeal bond was filed too late in the corporation court.

From the transcript it appears that the appellant was convicted in the corporation court on January 7, 1954, of the offense of negligent collision; a fine of $200 was assessed, and he gave notice of appeal.

Two witnesses testified at the hearing on the state's motion to dismiss the appeal.

Henckel, clerk of the corporation court, testified that an appeal bond was presented to him on or about January 14 and forwarded by a policeman to the judge on the evening of January 14; that sometime thereafter the bond was returned to him disapproved; that he communicated with the office of appellant's attorney and secured the address of the sureties, inserted such addresses in the face of the bond, and resubmitted the same to the judge; and that the judge finally approved the bond, and he filed the same on January 22. He stated that he did not "consider the bond filed until it was approved."

Judge McClanahan testified that a bond in appellant's case was submitted to him some time after appellant's conviction, that he disapproved the same and returned it to the clerk, that at some time later the same bond or another one was submitted to him, and that he approved it on January 22, overlooking the fact that "it was presented at a date later than required by law, and of no value."

It therefore remains for us to determine whether the delivery of the bond to the judge constitutes compliance with the statute or whether it is incumbent upon the accused to secure the approval of the bond by the judge within the ten days provided by Article 836, V.A.C.C.P.

We think it readily inferrible from the above that the bond was delivered to the judge in time, that the only defect therein was that the addresses of the sureties were not shown, and that when such addresses were inserted it was approved.

This court has held that formal approval of an appeal bond by the justice of the peace is not required. Ex parte Wells, 146 Texas Cr. Rep. 322, 175 S.W. 2d 76, and Taylor v. State, 16 Texas App., 514.

Article 834, V.A.C.C.P., provides, in part, as follows:

"In appeals from justice and corporation courts, when the appeal bond provided for in the preceding article has been filed with the justice or Judge who tried the case, the appeal in such case shall be held to be perfected."

Under the facts of this case, we are inclined to conclude that the county court at law fell into error when he dismissed the appeal.

The judgment is reversed and the cause remanded.