CHARLES E. OSBORNE V. STATE

No. 32,096. June 15, 1960

*Garza and Garza,* by *Noe C. Garza,* Corpus Christi, for the appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted in the corporation court of the city of Corpus Christi of a misdemeanor offense and his punishment assessed at a fine of $10.

From the judgement appellant prosecuted an appeal to County Court at Law No. 2 of Nueces County by filing an appeal bond in the corporation court in the penal sum of $50 conditioned that appellant "shall appear before this court from day to day and from term to term of the same, and not depart without leave of this court, in order to abide the judgment of the County Court at Laws of Nueces County, Texas."

Motion to dismiss the appeal was filed by the assistant county attorney on the grounds that the appeal bond was not conditioned that the appellant would make a personal appearance before the court to which the appeal was taken.

From the court's order sustaining the state's motion to dismiss the appeal, appellant prosecutes his appeal to this court. Such an appeal is authorized. Matula v. State, 72 Tex. Cr. R. 189, 161 S.W. 965.

Art. 833, V.A.C.C.P. provides that in appeals from justice and corporation courts the bond on appeal shall be conditioned that the defendant shall make his personal appearance before the court to which the appeal is taken.

The appeal bond filed by appellant is insufficient because it does not bind him to appear before the court to which the appeal was taken, as required by Art. 833, supra.

In holding the appeal bond insufficient and dismissing the appeal for want of jurisdiction the court did not err.

The judgment is affirmed.