LEE A. MARTIN V. STATE

No. 33,390. May 10, 1961
State's Motion for Rehearing Overruled June 14, 1961

No attorney for appellant of record on appeal.

*Carlos C. Cadena,* City Attorney, *Samuel S. Wolf,* Chief Prosecutor, Corporation Court, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted in the corporation court of the city of San Antonio of the offense of maintaining a noise nuisance, and was assessed a fine of $100.

His appeal to the County Court At Law No. 2 of Bexar County was dismissed by order of the Court on the ground that his appeal bond was faulty. It is from this order that he prosecutes his appeal to this court.

The state contends that "this appeal should be dismissed for lack of jurisdiction, in that the jurisdiction of the Court of Criminal Appeals in causes originating in the Corporation Court is limited to convictions where the fine assessed in the County Court exceeds $100.00."

Under Art. 5, Secs. 5 & 16 of the Texas Constitution, and Art. 53, C.C.P., the right of appeal to this court from final judgments of the county courts after trial de novo on appeal from inferior courts is limited to cases where the final judgment of the county court assesses a fine in excess of $100. However, the question here presented is whether the county court should have dismissed the appeal. If the bond was proper, his appeal

should not have been dismissed and he is entitled to a trial de novo. There is no exception to Art. 5, Secs. 5 & 16, supra, which would withhold jurisdiction of such a question from this court.

It is clear therefore, that this court has jurisdiction to review an order of a county court dismissing an appeal from an inferior court. McCandless v. State, 170 Tex. Cr. R. 583, 343 S.W. 2d 262; Osborne v. State, 169 Tex. Cr. R. 582, 336 S.W. 2d 433; Joseph v. State, 161 Tex. Cr. R. 85, 274 S.W. 2d 689; Matula v. State, 72 Tex. Cr. R. 189, 161 S.W. 965; Robbins v. State, Tex. Crim. App., 20 S.W. 359; Loper v. State, 30 Tex. Cr. R. 482, 17 S.W. 1090; Taylor v. State, 16 Tex. App. 514; and see Pevito v. Rodgers, 52 Tex. 581.

The only question for our decision on the merits of the appeal is, did the court below err in dismissing the appeal from the judgment of the corporation court?

The order dismissing the appeal recites, in part, that the appeal "is hereby dismissed, for the reason that the appeal bond * * * is defective"; however Formal Bill of Exception No. 1 recites "that the court was of the opinion that said appeal bond was defective in that in the first paragraph thereof said bond, in part, only recited that 'said defendant has given notice of appeal and did not recite to which County Court at Law of Bexar County, Texas, notice of appeal was given although said judgment of the corporation court * * * recited notice of appeal to the County Court at Law No. 2 of Bexar County, Texas".

Art. 833, C.C.P., recites in material part:

"In appeals from the judgments of justice and corporation courts, the defendant shall * * * be committed to jail unless he give bond * * *. *Said bond shall recite that in said cause the defendant was convicted and has appealed, and be conditioned that the defendant shall make his personal appearance before the court to which the appeal is taken* instanter * * * *." (emphasis added)

The only requirement imposed by Art. 833, supra, calling for a reference in the bond to the county court to which the appeal is taken, is that the bond "be conditioned that the defendant shall make his appearance before the court to which the appeal is taken."

Appellant's bond was conditioned that the appellant "shall well and truly make his appearance before the County Court at Law No. 2 of Bexar County, Texas, instanter * * * *". Hence, the bond was sufficient.

It has long been the rule that a criminal appeal, dismissed for want of a sufficient bond, will be reinstated upon motion accompanied by a sufficient bond.   Art. 835, V.A.C.C.P., Notes 2 & 4.

The order dismissing the appeal is reversed and the cause is remanded for trial de novo.

Opinion approved by the Court.