Billy Joe MINCHEW, Appellant,

v.

The STATE of Texas, Appellee.

No. 35695.

Court of Criminal Appeals of Texas.

April 24, 1963.

Jack Little, Clyde E. Thomas, Sr., George T. Thomas and Roger D. Brown, Big Spring, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The appeal is from an order entered in the County Court of Howard County in a cause originating in the Justice Court finding the appeal bond defective and invalid and granting the state's motion to dismiss the appeal.

■ This Court has jurisdiction to entertain an appeal from the order of the County Court dismissing the appeal. Matula v. State, 72 Tex.Cr.R. 189, 161 S.W. 965; Osborne v. State, Tex.Cr.App., 336 S.W.2d 433; McCandless v. State, Tex.Cr.App., 343 S.W.2d 262; Martin v. State, Tex.Cr. App., 346 S.W.2d 840; See also Joseph v. State, 161 Tex.Cr.R. 85, 274 S.W.2d 689.

An examination of the appeal bond filed in the County Court shows that the trial court did not err in finding the appeal bond filed in that court defective and invalid, hence did not err in dismissing the appeal.

The trial court's order further shows that after the appeal bond was found and adjudged to be defective and invalid, and the defendant excepted, "The Defendant then filed a motion, accompanied by an appeal bond duly approved by the Judge of the Court from which this cause was appealed, requesting leave of the Court to file such amended bond in lieu of the appeal bond adjudged to be invalid by the Court, to which motion and the bond attached thereto reference is here made for further description thereof, which motion was, and is, hereby refused and overruled, to which action of the Court the Defendant then and there excepted."

The appellant does not challenge the court's ruling that the appeal bond filed in the County Court within the time allowed by statute was invalid. His complaint is that, having determined such bond to be defective, the trial judge refused to allow him to amend it by filing the new bond he tendered.

■ We are without jurisdiction to entertain the appeal from the order refusing to permit the filing of the new bond. Payne v. State, Tex.Cr.App., 342 S.W.2d 580; McKee v. State, 156 Tex.Cr.R. 399, 242 S. W.2d 884.

■ The judgment dismissing the appeal is affirmed without prejudice to appellant's right to seek reinstatement of his appeal from justice court to the county court by mandamus to require the trial court to permit the amendment of his appeal bond from justice court.