**W. Ralph MANN et al., Appellants,**

**v.**

**Jackie Thomas BROWN et al., Appellees.**

**No. 789.**

Court of Civil Appeals of Texas, Tyler.

Nov. 14, 1974.

John K. Narsutis, Asst. City Atty., Denton, for appellants.

Jackson & Garrett, Jerry A. Garrett, Denton, for appellees.

DUNAGAN, Chief Justice.

This is an appeal from a temporary injunction granted by the District Court. Appellees, Jackie Thomas Brown, et al, appealed to the Denton County Court at Law from earlier judgments taken in Municipal Court. The Judge of the Denton County Court at Law dismissed the appeals after concluding that he had never obtained jurisdiction over the appeals and that the appeals had not been perfected. The Judge of the Denton County Court at Law authorized and directed the Denton County Clerk to issue a Writ of Procedendo notifying appellants W. Ralph Mann, City Attorney of Denton, and Pat F. Beadle, Municipal Judge of Denton, to observe and execute on the earlier judgments taken in the Municipal Court. Subsequently, appellees obtained an injunction from the District Court which enjoined appellants from executing on the earlier judgments taken in Municipal Court.

The contentions under appellants' two points of error may be summarized as follows: (1) the District Court erred by allowing a collateral attack on a voidable judgment and by assuming jurisdiction over a matter which involves interpretation of criminal statutes, and (2) since there was an adequate remedy at law, the District Court erred by granting an injunction.

■ We turn to appellants' first contention. Where it appears from the face of the record that the judgment sought to be enforced is void, its enforcement may be enjoined by a collateral proceeding, even though right of appeal or writ of error may exist. Lewis v. Terrell, 154 S.W. 2d 151, 153 (Tex.Civ.App., Austin, 1941, writ ref'd., w. o. m.). However, here the judgment could only be voidable, not void, because the Municipal Court had jurisdiction to render its decision and the Denton County Court at Law had the authority to determine whether the appeals from the Municipal Court were properly perfected. The question as to whether the Judge of the Denton County Court at Law was correct in his determination that he did not have jurisdiction over the appeals from the Municipal Court is not before this Court. If the County Court at Law did erroneously determine that he had no jurisdiction over the appeals, as contended by the appellees, they could have attacked the voidable judgments by appealing to the Texas Court of Criminal Appeals.

■ The Court of Criminal Appeals has jurisdiction to review an order of the County Court dismissing an appeal from an inferior court. Martin v. State, 171 Tex.Cr. 245, 346 S.W.2d 840 (1961). The facts involved in *Martin* and the case at bar are similar. In *Martin*, the defendant's appeal to the County Court at Law was dismissed on the ground that his ap-

peal bond was faulty, while in the case at bar the defendants' appeals to the County Court at Law were dismissed because defendants did not make timely personal appearances in the appellate court to consummate a transfer of jurisdiction. A question involved in both *Martin* and the case at bar is whether the County Court had wrongfully failed to assert its jurisdiction over the appealed cases and grant a trial de novo to the appellants. In *Martin,* the Court of Criminal Appeals exercised jurisdiction to review an order from a county court which dismissed an appeal from an inferior court. Thus, in the case at bar the Court of Criminal Appeals had jurisdiction to review the order of the Denton County Court at Law which dismissed the appeals from the Municipal Court. Therefore, it is apparent that an adequate legal remedy was available to appellees.

■■ Where a case such as the case at bar has been appealed from an inferior court to the County Court or County Court at Law and there dismissed, the appellant would have the right to prosecute an appeal to the Court of Criminal Appeals in conformity with the law. Minchew v. State, 366 S.W.2d 942 (Court of Crim.Appeals, 1963); Martin v. State, supra; and Osborne v. State, 169 Tex.Cr.R. 582, 336 S.W.2d 433 (1960). Cases of this character are not within the purview of the statute, Art. 4.03, Vernon's Ann.C.C.P., which prohibits an appeal where the fine is less than $100 in the County Court when appealed from an inferior court. Martin v. State, supra, and Matula v. State, 72 Tex. Cr.R. 189, 161 S.W. at 965 (1913).

■ Moreover, if appellees had properly appealed to the Court of Criminal Appeals,

no irreparable harm would have occurred. The order of the County Court at Law directed the County Clerk of Denton to issue a Writ of Procedendo in each of the traffic appeal cases unless sooner stayed by "appropriate plea, notice of appeal * * *." It appears from the record before us that at the time appellees sought the injunction, time for appeal from the judgment of the County Court at Law had not expired; therefore, the appellees could have appealed from said judgment, but instead they sought to nullify the judgment by injunctive relief in the District Court. Appellees clearly had an adequate remedy at law by appeal. It is fundamentally true that before a complaining party can procure injunctive relief, he must resort to all available legal remedies afforded by law. Burdette v. Bell, 218 S.W.2d 904 (Tex. Civ.App., Waco, 1949, n. w. h.); Humble Oil & Refining Co. v. Luckel, 154 S.W.2d 155 (Tex.Civ.App., Beaumont, 1941, writ ref'd., w. o. m.); Eclipse Oil Co. v. McAlister, 103 S.W.2d 420 (Tex.Civ.App., Beaumont, 1937, writ dism.); Herring v. Houston Nat. Exch. Bank, 113 Tex. 337, 255 S.W. 1097, 1103 (1923); Jones v. Curtis, 56 Tex.Civ.App. 181, 120 S.W. 530 (1909, n. w. h.); 31 Tex.Jur.2d p. 105, sec. 43.

Since there was a collateral attack on a voidable judgment and since there was no showing of irreparable harm for which there was no adequate legal remedy, the District Court erred by granting a temporary injunction. We, therefore, reverse the judgment of the trial court wherein it ordered the issuance of the temporary writ of injunction and dissolve the writ so issued.

Judgment reversed and the temporary writ of injunction dissolved.