**Stanford S. BOYD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–98–00809–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 23, 1999.

William C. Boyd, Houston, for appellant.

Marshall A. Shelsey, Houston, for appellee.

Panel consists of Justices DRAUGHN, SEARS, and CANNON.*

## OPINION

JOE L. DRAUGHN, Justice (Assigned).

Stanford S. Boyd, appellant, was found guilty by a City of Houston municipal judge of offering to sell a ticket to a Houston Rockets game without a valid itinerant vendor's license. The municipal court ordered him to pay a $100 fine. All City of Houston municipal courts since 1976 are courts of record. *See* TEX. GOV'T CODE ANN. § 30.00672(a) (Vernon Supp.1999).

Boyd appealed his conviction to the Harris County Criminal Court at Law No. 1. This appeal to the county criminal court at law is not by trial *de novo*. *See* TEX. GOV'T CODE ANN. § 30.00679(b) (Vernon Supp. 1999). Instead, an appeal from a City of Houston municipal court is brought to the county criminal court at law based on alleged error in the record below. *See* TEX. GOV'T CODE ANN. § 30.00672, *et seq.* (Vernon Supp.1999). When the case reaches the county criminal court at law, that court may (1) affirm the judgment of the municipal court of record; (2) reverse and remand for a new trial; (3) reverse and dismiss the case; or (4) reform and correct the judgment. *See* TEX. GOV'T CODE ANN. § 30.00685(a)(1–4) (Vernon Supp.1999). For each case the county criminal court at law decides, it is required to issue a written opinion or order sustaining or overruling each assignment of error presented by the appellant. *See* TEX. GOV'T CODE ANN. § 30.00685(c) (Vernon Supp.1999). In its opinion or order, however, the court is not required to give a reason for overruling an assignment of error. *See id.*

Harris County Criminal Court at Law No. 1 affirmed Boyd's conviction. The court did not give any reason for affirming the conviction. Boyd appeals the county criminal court of law's decision, and brings fourteen points of error, which essentially argue the evidence is legally and factually insufficient to support the municipal court's verdict. *See* TEX. GOV'T CODE ANN. § 30 .00688 (Vernon Supp.1999).

Initially, we must decide whether we have jurisdiction to entertain this appeal. We find we do not and dismiss Boyd's appeal.

Unless the sole issue is a constitutional one, we as a court of appeals, only have jurisdiction over such an appeal from a Harris County criminal court at law if (1) the fine assessed against the defendant exceeds $100 and (2) if the municipal court judgment is affirmed by the county criminal court at law. *See* TEX. GOV'T CODE ANN. § 30.00688 (Vernon Supp.1999); *cf.* TEX. CODE CRIM.PROC.ANN. Art. 4.03 (Vernon Supp.1999).

Article 4.03 of the *Texas Code of Criminal Procedure,* grants us appellate jurisdiction notwithstanding the amount of the fine, if the sole issue is the constitutionality of the statute or ordinance on which the conviction is based. We have no such constitutional appellate issue here and thus lack jurisdiction because the monetary fine does not exceed $100 exclusive of costs. *See Texas Dept. of Public Safety v. Kelton,* 876 S.W.2d 450, 453 (Tex.App.–El Paso 1994, no pet.); *see also State v. McKinney,* 803 S.W.2d 374, 376 (Tex.App.–Houston [14th Dist.] 1990, no pet.).

Accordingly, we must dismiss Boyd's appeal for want of jurisdiction.

---

* Senior Justices Ross A. Sears, Bill Cannon     and Joe L. Draughn sitting by assignment.