Opinion issued August 19, 2010

 



 

In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00388-CR

———————————

Paul Lamont Merritt, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the County Court at Law No. 4

Brazoria County, Texas



Trial Court Case No. 162340



 

 MEMORANDUM OPINION

          Appellant Paul Lamont Merritt was
convicted in the City of Freeport Municipal Court of the offense of speeding
and assessed a fine.  Appellant appealed
to the county court.  After a trial de
novo, the county court found appellant guilty of speeding and assessed a fine
of $50.[1]  Notice of appeal was filed.   

The
clerk’s record was timely filed.  The
Clerk of this Court notified
the parties that the reporter=s record had not been filed. 
In response, the court reporter informed this Court that the appellant
had not made arrangements to pay for the reporter=s record.  We abated the appeal
and remanded the case to the trial court for a hearing to determine whether appellant was being denied the
effective assistance of counsel, whether appellant was indigent, and whether appellant
still desired to prosecute  his appeal.    

On
January 29, 2010, the
trial court conducted a hearing pursuant to our order of abatement.  The hearing record  has been filed with the Clerk of this Court
and reflects that neither
appellant nor his counsel appeared at the hearing.  

We reinstated the appeal and ordered
appellant’s brief due on March 15, 2010.   Our  reinstatement order advised appellant that if
his brief was not filed by March 15, 2010, the case would be set for submission
on April 9, 2010, and considered  on the
clerk=s record alone.  As of this date, appellant’s brief has not
been filed.  

  Our
order of abatement advised the parties that this Court does not have
jurisdiction over this appeal unless the fine imposed by the county court at
law exceeds $100 or the sole issue is the constitutionality of the statute or
ordinance on which the conviction was based. 
Resendez v. State, 738 S.W.2d 41, 42 (Tex. App. C Houston [1st Dist.] 1987, no pet.); Boyd
v. State, 11 S.W.3d 324, 325 (Tex. App.CHouston [14th Dist.]
1999, no pet.); Tex. Code Crim. Proc. Ann. art. 4.03 (Vernon Supp. 2009).  The clerk’s record reflects that the county
court assessed a $100 fine.  Appellant
has not shown that the constitutionality of a statute or ordinance is the sole
issue on appeal, nor does the amount of the fine exceed $100.
          The appeal is therefore dismissed for lack of
jurisdiction.

PER CURIAM

Panel consists of Justices Keyes,
Hanks, and Higley.

Do not publish.  Tex.
R. App. P. 47.2(b).

  


 

 

 

 











[1]            See
Tex. Code Crim. Proc. Ann. Art.
45.042 (a),(b) (Vernon 2009).