02-12-011-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-12-00011-CR

 

 


 
 
 Ricardo G. Ramirez
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM County
Criminal Court No. 10 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Ricardo
G. Ramirez is attempting to appeal the county criminal court’s order dismissing
his appeal from a Fort Worth municipal court’s judgment.  Because he has no
right to appeal from the county criminal court’s order, we dismiss the appeal
for want of jurisdiction.

A
municipal court jury convicted appellant of assault by contact on January 11,
2011.  In accordance with the jury’s verdict, the trial court assessed a $567
fine and court costs.  Although appellant filed an appeal in the county
criminal court, he did not also file a motion for new trial in the municipal
court; thus, the county criminal court dismissed the appeal.  See Tex.
Gov’t Code Ann. § 30.00014(c)–(d) (West Supp. 2011) (providing that to perfect
appeal to county criminal court, appellant must file notice of appeal and
motion for new trial with municipal clerk not later than ten days after date of
municipal court judgment).

A
person may appeal a county criminal court’s judgment on appeal of a municipal
court judgment to the court of appeals if (1) the fine assessed exceeds $100
and if the county criminal court affirms the municipal court’s judgment or
(2) if the sole issue is the constitutionality of the statute or ordinance on
which a conviction is based.  Tex. Gov’t Code Ann. § 30.00027(a) (West Supp. 2011).  This statute limits our jurisdiction
of appeals from county criminal court appellate decisions to the specific
situations set forth in the statute.  Tex. Vital Care v. State, 323
S.W.3d 609, 612 (Tex. App.––Texarkana 2010, no pet.).

We notified
appellant that we were concerned that this court may not have jurisdiction over
the appeal because the county criminal court’s order may not be appealable.  We
gave appellant or any other party desiring to continue the appeal ten days to
file a response showing why the appeal should be continued.  Appellant’s timely
response cites Martin v. State, 346 S.W.2d 840, 840–41 (Tex. Crim. App.
1961), as authority for continuing the appeal.  Martin, however, predates
the Legislature’s enactment of section 30.00027; thus, it is not controlling
here.  See Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992) (“[A]s
there is nothing in the Texas Constitution which guarantees the right to appeal
a criminal conviction, that right is only as provided by the legislature.”).

Because
the county criminal court dismissed the appeal from the municipal court’s
judgment––instead of affirming it––and because the sole issue of the appeal was
not the constitutionality of the statute upon which appellant’s conviction is
based,[2] we dismiss this appeal
for want of jurisdiction.  See Tex. R. App. P. 43.2(f); Tex. Vital
Care, 323 S.W.3d at 612.

 

 

PER CURIAM

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 22, 2012









[1]See Tex. R. App. P. 47.4.





[2]Appellant argued to the
county criminal court before the dismissal that his trial counsel had been
ineffective for failing to object to testimony by appellant’s wife and
mother-in-law.