PD-0799-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/29/2015 1:44:09 PM
Accepted 6/29/2015 5:24:53 PM
ABEL ACOSTA
CLERK

CAUSE NO. _____

# THE COURT OF CRIMINAL APPEALS OF TEXAS

_____

## ERIC PAUL KHOZINDAR

PETITIONER,

VS.

## THE STATE OF TEXAS

RESPONDENT.

_____

**On Petition for Discretionary Review regarding case
pending before the Second Court of Appeals
sitting in Fort Worth, Texas**

_____

## PETITION FOR DISCRETIONARY REVIEW

_____

**KEN W. GOOD
THE GOOD LAW FIRM
LAW OFFICE OF KEN W. GOOD, PLLC
5604 OLD BULLARD ROAD, SUITE 102
TYLER, TEXAS 75703
(903) 579-7507
(866) 381-0455 (FAX)
keng@tyler.net**

FILED IN
COURT OF CRIMINAL APPEALS

June 29, 2015

ABEL ACOSTA, CLERK

**ATTORNEYS FOR PETITIONER**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 68.4(a), appellant presents the following list of all parties and names and addresses of its counsel:

**Petitioner/Appellant/Defendant:**
Eric Khozindar
Eric Khozindar, Pro Se
3309 Creekbend Dr.
Garland, Texas 75044
(940)442-3231
Ekhozindar@gmail.com

**Counsel before this Court:**
Ken W. Good
**The Good Law Firm**
Law Office of Ken W. Good, P.L.L.C.
Bullard Square, Suite 102
5604 Old Bullard Road
Tyler, Texas 75703
(903) 705-7630
(866) 381-0455 (Fax)
keng@tyler.net

**Respondent/Appellee/Plaintiff:**
State of Texas

**Counsel:**
Catherine Luft
Denton Co. District Attorney's Office
1450 E. McKinney St. Suite 3100
Denton, Tx 75044
Telephone: (940) 349-2734
(940) 349-2601 (Fax)
Chatherine.Luft@dentoncounty.com

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT REGARDING ORAL ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF THE CASE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF PROCEDURAL HISTORY.. . . . . . . . . . . . . . . . . . . . . . . . . . . vi

GROUNDS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A.    Introduction.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

B.     The Due Process Clause of the Texas and Federal Constitution.. . . . . . . . . . . 4

C.    A Civil Penalty Cannot Serve As the Basis to Deny
      Renewal of A Vehicle Registration. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

D.    Section 707.017 of the Transportation Code Improperly
      Authorizes Seizure Without a Seizure. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

PRAYER FOR RELIEF.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# INDEX OF AUTHORITIES

**CASES**                                                            **PAGE**

**Boyd v. State,**
11 S.W.3d 324 (Tex. App.–
Houston [14th Dist] 1999, no pet.). ..................................... 3

**Brown v. Davis,**
123 S.W.2d 321 (Tex. 2002). ....................................... 6

**Daniels v. Williams,**
474 U.S. 327 (1986). ........................................... 4

**Martin v. State,**
346 S.W.2d 840 (Tex. Crim. App. 1961). ............................ 3

**Matula v. State,**
72 Tex. Crim. 189, 161 S.W. 965 (1913). ............................. 4

**Miller v. Zimmerman Brush Co.,**
455 U.S. 422 (1982). ............................................ 6

**Univ. of Tex. Med. Sch. at Houston v. Than,**
901 S.W.2d 926 (Tex. 1995). ...................................... 5

**STATUTES, RULES AND PERIODICALS**                   **PAGE**

TEX. CODE CRIM. PRO. art 4.03.. ................................... 3

TEX. CONST. art. I, § 19. ......................................... 4

TEX. GOV'T CODE ANN. §30.00027 (a). ............................ 3

Tex. Prop. Code Ann. §42.002.. ................................... 6

TEX. R. APP. P. 66.3. ............................................ 2

TEX. TRANS. CODE §502.059. ................................... 6, 7

TEX. TRANS. CODE §502.471. ................................... 6, 7

TEX. TRANS. CODE §707.17. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5-7

U.S. CONST. amend. XIV. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

APPENDIX                                                                                              TAB

The Court of Appeals Opinion and Judgment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . A

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner does not believe that oral argument would be helpful in this case.

## STATEMENT OF THE CASE

Petitioner, Eric Khozindar was cited for expired registration permit on his vehicle pursuant to Chapter 592 of the Texas Transportation Code. Mr. Khozindar was issued a ticket for the failure to renew his registration because he was denied renewal as a result of his failure to pay a ticket issued by a redlight camera pursuant to Chapter 707.017 of the Texas Transportation Code which was a photographic traffic signal. Appellant appealed the municipal court decision to the trial court in Denton County, and further appealed to the Appeals Court, so the court could decide on the constitutionality and validity of the statutes.

## STATEMENT OF PROCEDURAL HISTORY

This was an appeal from Municipal Court to the Denton County Criminal Court No. 4. The Honorable Joe Bridges was the presiding judge of the court. The court conducted a trial for enforcement of a civil penalty that was predicated on a camera authorized under Chapter 707 of the Texas Occupations Code. The Defendant alleged that the civil penalty was improper because it was based upon an unconstitutional statute. On December 4, 2014, the trial court entered a final judgment of $1.00 in favor of the state. (CR1). The trial court also awarded the State court costs.(CR1). The Petitioner appealed to the Fort Worth Court of Appeals which dismissed for lack of jurisdiction. The court of appeals opinion and judgment was dated May 28, 2015.

**CAUSE NO. _____**

**THE COURT OF CRIMINAL APPEALS OF TEXAS**

_____

**ERIC PAUL KHOZINDAR**

**PETITIONER,**

**VS.**

**THE STATE OF TEXAS**

**RESPONDENT.**

_____

**On Petition for Discretionary Review regarding case
pending before the Second Court of Appeals
sitting in Fort Worth, Texas**

_____

**PETITION FOR DISCRETIONARY REVIEW**

_____

**TO THE COURT OF CRIMINAL APPEALS OF TEXAS:**

**COMES NOW**, Eric Khozindar, Petitioner in the above styled and numbered cause

and files the following petition for discretionary review and in support thereof would

respectfully show the court the following:

## GROUNDS FOR REVIEW

The Texas Court of Criminal Appeals should accept this petition for discretionary review. Rule 66.3 of the Texas Rules of Appellate Procedure states that the following will be considered by the court in deciding whether to grant discretionary review:

(a) whether a court of appeals' decision conflicts with another court of appeals' decision on the same issue;

(b) whether a court of appeals has decided an important question of state or federal law that has not been, but should be settled by the Court of Criminal Appeals;

(d) whether a court of appeals has declared a statute, rule regulation, or ordinance unconstitutional, or appears to have misconstrued a statute, rule, or regulation, or ordinance;

TEX. R. APP. P. 66.3. In the present case, the Second District Court of Appeals sitting in Fort Worth held that the court did not have jurisdiction to hear the case because the petitioner did not raise the constitutionality of the "right" statute even though the Petitioner appealed on the grounds that the statute upon which his ticket was based was unconstitutional. Further, Mr. Khozindar was representing himself pro se at the time. Therefore, the court of appeals was required to review the document in broad light.

## STATEMENT OF FACTS

Eric Khozindar, received a letter in the mail regarding a traffic light violation in reference to a vehicle that he owned at the time. The letter stated that the citation was issued pursuant to chapter 707 of the Texas Transportation Code which relates to the use of traffic

cameras. TEX. TRANS. CODE §707.17. In accordance with the statute, the state issued a $75.00 civil fine. Appellant refused to pay the fine which is provided for in the chapter since it is not a criminal penalty. However, pursuant to section 707.17 of the statute, the Denton County Tax Assessor effectively revoked appellant's right to renew his registration on the vehicle which was the subject matter of the photo. On November 11, 2013, Appellant was givent a citation by the Hickory Creek Police Office for an Expired Vehicle Registration. Appellant was found guilty in Municipal Court and appealed to the Denton County Criminal Court. On December 4, 2014, the trial court heard the case was tried to the court without a jury. The trial court entered a final judgment of $1.00 in favor of the state. (CR1). The trial court also awarded the State court costs (CR1). Appellant filed a timely notice of appeal to the Court to question the constitutionality of the statute.

## ARGUMENT

### A.    Introduction

The general rule is that a court of appeals does not have authority to review a case which originally had been appealed from any inferior court to the court where the fine does not exceed one hundred dollars. TEX. CODE CRIM. PRO. art 4.03; TEX. GOV'T CODE ANN. §30.00027 (a); *Boyd v. State*, 11 S.W.3d 324, 325 (Tex. App.– Houston [14th Dist] 1999, no pet.). However, there is an exception to the general rule when the appeal raises a question of jurisdiction. In *Martin v. State*, 346 S.W.2d 840 (Tex. Crim. App. 1961), the Texas Court of Criminal Appeals addressed an issued similar to the one involved in this case. In *Martin*, the defendant was convicted of violating a noise ordinance and was assessed a fine of

$100.00. *Id.* The defendant appealed to the count court. *Id.* The appeal was dismissed on the grounds that his appeal bond was faulty. *Id.* The county court dismissed. *Id.* The defendant appealed. *Id.* The state argued that the case should be dismissed for lack of jurisdiction. *Id.* The Texas Court of Criminal Appeals held that the appellate court had jurisdiction to review the order of dismissal. *Id.* at 840-41. Further, the Court reviewed the actions of the county court and concluded that the court erred in dismissing the case for lack of jurisdiction. *Id.*; *see also Matula v. State*, 72 Tex. Crim. 189, 161 S.W. 965 (1913).

In the present case, the court of appeals recognized that the court lacked jurisdiction unless an issue of the constitutionality of a statute was. However, the court of appeals held that Mr. Khozindar raised the constitutionality of the wrong statute. This was error. Mr. Khozindar raised the issue of constitutionality of the statute that served as the basis of the bar from him renewing the registration on his vehicle. Therefore, if the underlying statute was unconstitutional, then the registration statute could not have precluded him from renewing his registration. The court of appeals erred in dismissing this case for lack of jusidiction.

**B.     The Due Process Clause of the Texas and Federal Constitution**

The Fourteenth Amendment to the United States Constitution protects against deprivation of life, liberty, or property by the State "without due process of law." U.S. CONST. amend. XIV; *Daniels v. Williams*, 474 U.S. 327, 331 (1986). The Texas Constitution provides that "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." TEX. CONST. art. I, § 19. The Texas "due course" and federal "due process"

provisions have been interpreted to be "without meaningful distinction." *Univ. of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 929 (Tex. 1995). Therefore, in matters of procedural due process, Texas courts have traditionally followed contemporary federal due process interpretations of procedural due process issues. *See id.*

Procedural due process guarantees the right to a fair procedure. Mr. Khozindar maintains that he was denied fair procedure due to his inability to confront a witness against him in the court below. Further, the underlying statute attempts to set up a pseudo criminal statute for the imposition of fines which are not really fines at all. But instead, is a civil revenue generator.

In the present case, Mr. Khozindar has acquired a property interest in the vehicle that he owns. The statute in question has in effect deprived him of the ability to effectively use this property without due process of law. There was no proceeding to deprive him of the ability to register his vehicle and there was no criminal violation that was entered. Chapter 707 appears to have been written as a potential revenue generator which is not a proper vehicle to deny Mr. Khozindar the ability to renew the registration of his vehicle.

**C.    A Civil Penalty Cannot Serve As the Basis to Deny Renewal of A Vehicle Registration**

Section 707.017 of the Texas Transportation code states:

"If the owner of a motor vehicle is delinquent in the payment of a civil penalty imposed under this chapter, the county assessor-collector or the Texas Department of Motor Vehicles may refuse to register a motor vehicle alleged to have been involved in the violation."

Tex. Trans. Code Ann. §707.17. Mr. Khozindar maintains that it is unconstitutional based upon this statute to prevent a person from renewing their automobile registration purusant to 502.059 and 502.471 of the Texas Transportation Code. TEX. TRANS. CODE §502.059; TEX. TRANS. CODE §502.471. Other cases have addressed similar issues in other areas.

In the area of bankruptcy and writs of execution, certain personal property is exempt from execution. Those exemptions are in accordance with Section 42.001 and Section 42.002 of the Texas Property Code. There is a number of other items of personal property that are exempt from seizure. Section 42.002(a)(9) of the Texas Property Code states: The following personal property is exempt under Section 42.001(a):

> (9) a two-wheeled, three-wheeled, or four-wheeled motor vehicle for each member of a family or single adult who holds a driver's license or who does not hold a driver's license but who relies on another person to operate the vehicle for the benefit of the nonlicensed person.

Tex. Prop. Code Ann. §42.002. *See also Brown v. Davis*, 123 S.W.2d 321 (Tex. 2002); *Miller v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982).

In civil judgments, the state has set protections (up to a specific amount) on your vehicle from being confiscated. It should be emphasized to the court, the purpose of these exemptions is NOT to protect the monetary value of the vehicle from creditors, but rather the necessity to maintain one's livelihood through the use of the vehicle. Mr. Khozindar maintains that the State does not have the legal authority to prohibit the means of transportation as punishment for a civil unpaid fine, judgment, or penalty as it does in sections 502.059 and 502.471 pursuant to section 707.017 of the Texas Transportation Code.

**D. Section 707.017 of the Transportation Code Improperly Authorizes Seizure Without a Seizure**

In section 707.017 of the Texas Transportation Code, the State is not physically seizing the vehicle, but in the eyes of the State, whether it confiscates the vehicle, or the State denies vehicle registration, the outcome is the same: the owner of the vehicle has no ability to drive. And this is the crux of the issue. So in conclusion, civil penalties, such as the one in section 707.017 of the Texas Transportation Code should not be allowed and cannot be allowed to confiscate, or withhold the use of your vehicle as it has a determining factor on your way of life. Therefore, section 707.17, 502.059 and 502.471 are unconstitutional in this situation. The court of appeals erred in dismissing this case.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Petitioner, Eric Khozindar, respectfully asks the Texas Court of Criminal Appeals to Grant this Petition for Discretional Review; to order full briefing on the issue of the constitutionality of the statutes raised and in the alternative to reverse the dismissal entered by the court of appeals and to remand this case back to the court of appeals to address the merits of the case and for such other and further relief, either at law or in equity to which the appellant may show just entitlement.

Respectfully submitted,

**THE GOOD LAW FIRM**
Law Office of Ken W. Good PLLC
5604 Old Bullard Road, Suite 102
Tyler, Texas 75703
(903) 579-7507
(866) 381-0455 (Fax)
keng@tyler.net


BY: ___/s/ Ken W. Good_____
      **KEN W. GOOD**
      State Bar No. 08139200

**ATTORNEYS FOR PETITIONER ERIC KHOZINDAR**

## CERTIFICATE OF COMPLIANCE

I hereby certify that the number of words in this document is 1952 based upon the

word count of the computer program used to prepare this document.


   **/s/   Ken W. Good**

Ken W. Good

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to attorneys of record by regular mail unless otherwise indicated below on this the 29th day of June, 2015.

Catherine Luft
Denton Co. District Attorney's Office
1450 E. McKinney St. Suite 3100
Denton, Tx 75044
Chatherine.Luft@dentoncounty.com

    /s/  **Ken W. Good**
Ken W. Good

**APPENDIX**                                                   **TAB**

**Opinion and Judgment for the Fort Worth Court of Appeals. . . . . . . . . . . . . . . . . . A**

# APPENDIX A



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00515-CR

ERIC PAUL KHOZINDAR APPELLANT

V.

THE STATE OF TEXAS STATE

----------

FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY
TRIAL COURT NO. CR-2014-01347-Y

----------

## MEMORANDUM OPINION[1]

----------

Appellant Eric Paul Khozindar appeals pro se from his conviction for failing to register his vehicle. We dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

On November 11, 2013, the Town of Hickory Creek, located in Denton County, issued Appellant a citation for failing to have a current registration

---

[1]*See* Tex. R. App. P. 47.4.

insignia for his vehicle displayed on the windshield.  *See* Tex. Transp. Code Ann. § 502.059(c) (West Supp. 2014), § 502.471 (West 2013).  Appellant waived a jury trial and pleaded nolo contendere to the resulting complaint.  *See* Tex. Code Crim. Proc. Ann. arts. 45.018, 45.025 (West 2006), art. 45.023(a) (West Supp. 2014).  The municipal court found Appellant guilty of the offense charged in the complaint and entered judgment ordering Appellant to pay "a fine and costs in the amount of $170."  *See id.* art. 45.041 (West Supp. 2014).

Appellant appealed to the county criminal court, which was a trial de novo because the municipal court was not a municipal court of record.  *See id.* arts. 44.17, 45.042(b) (West 2006); *see also* Tex. Gov't Code Ann. §§ 30.00001–.01904 (West 2004 & Supp. 2014) (providing for municipal courts of record in certain cities, not including Hickory Creek).  Appellant again waived his right to a trial by jury; he pleaded not guilty to the complaint.  *See* Tex. Code Crim. Proc. Ann. art. 1.13 (West Supp. 2014), art. 27.16 (West 2006).  Appellant seemed to argue in the county criminal court that the county assessor-collector wrongfully refused to renew his vehicle registration based on his nonpayment of a civil fine previously imposed for his failure to stop at a red light at an intersection equipped with red-light cameras.[2]  *See* Tex. Transp. Code Ann. § 707.002 (West 2011), § 707.017 (West Supp. 2014).  The county criminal court found Appellant guilty

---

[2]The record contains no information or evidence regarding this alleged citation such as the date it was issued, the issuing city, or whether Appellant subsequently attempted to renew his registration but was denied based on the unpaid red-light citation.

of failing to have a current registration for his vehicle and entered judgment ordering Appellant to pay a fine of $1 and all costs.

Appellant filed a notice of appeal to this court and designated a partial reporter's record, requesting that only his opening statements in the county criminal court be transcribed. *See* Tex. R. App. P. 34.6(c). On appeal, Appellant argues that transportation code section 707.017—the statutory provision allowing a county assessor-collector to refuse to renew a vehicle's registration if a vehicle owner fails to pay a red-light-camera citation—is unconstitutional by depriving him of a property interest without procedural due process. *See* Tex. Code Crim. Proc. Ann. art. 4.03 (West 2015) (providing limited appellate jurisdiction to courts of appeals over case appealed from municipal court to county criminal court if the fine imposed exceeds $100 or if "the sole issue is the constitutionality of the statute or ordinance on which the conviction is based").

Appellant challenges the constitutionality of section 707.017 based on the State's alleged failure to provide him procedural due process before denying his vehicle registration under the auspices of that statute. He does not in any way challenge the "constitutionality of the statute or ordinance on which the conviction is based"—transportation code sections 502.059 and 502.471. Because the fine assessed by the county criminal court, exclusive of costs, did not exceed $100 and because Appellant is not challenging the constitutionality of section 502.059 or section 502.471, we have no jurisdiction over his attempted appeal. *See id.* Accordingly, we dismiss the appeal. *See Cooper v. State*, No. 05-10-01004-CR,

3

2012 WL 3631237, at *2 (Tex. App.—Dallas Aug. 24, 2012, pet. ref'd) (mem. op., not designated for publication) (citing *Boyd v. State*, 11 S.W.3d 324, 325 (Tex. App.—Houston [14th Dist.] 1999, no pet.)); *Hernandez v. State*, No. 04-07-00085-CR, 2008 WL 441783, at *1 (Tex. App.—San Antonio Feb. 20, 2008, no pet.) (mem. op., not designated for publication).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  GARDNER, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 28, 2015

4



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00515-CR

| | | |
|---|---|---|
| Eric Paul Khozindar | § | From County Criminal Court No. 4 |
| | § | of Denton County (CR-2014-01347-Y) |
| v. | § | May 28, 2015 |
| | § | Opinion by Justice Gabriel |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed. It is ordered that the appeal is dismissed for want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS

By /s/ Lee Gabriel
Justice Lee Gabriel