

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00515-CR

ERIC PAUL KHOZINDAR                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY
TRIAL COURT NO. CR-2014-01347-Y

----------

## MEMORANDUM OPINION[1]

----------

Appellant Eric Paul Khozindar appeals pro se from his conviction for failing to register his vehicle. We dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

On November 11, 2013, the Town of Hickory Creek, located in Denton County, issued Appellant a citation for failing to have a current registration

---

[1]*See* Tex. R. App. P. 47.4.

insignia for his vehicle displayed on the windshield.  *See* Tex. Transp. Code Ann. § 502.059(c) (West Supp. 2014), § 502.471 (West 2013).  Appellant waived a jury trial and pleaded nolo contendere to the resulting complaint.  *See* Tex. Code Crim. Proc. Ann. arts. 45.018, 45.025 (West 2006), art. 45.023(a) (West Supp. 2014).  The municipal court found Appellant guilty of the offense charged in the complaint and entered judgment ordering Appellant to pay "a fine and costs in the amount of $170."  *See id.* art. 45.041 (West Supp. 2014).

Appellant appealed to the county criminal court, which was a trial de novo because the municipal court was not a municipal court of record.  *See id.* arts. 44.17, 45.042(b) (West 2006); *see also* Tex. Gov't Code Ann. §§ 30.00001– .01904 (West 2004 & Supp. 2014) (providing for municipal courts of record in certain cities, not including Hickory Creek).  Appellant again waived his right to a trial by jury; he pleaded not guilty to the complaint.  *See* Tex. Code Crim. Proc. Ann. art. 1.13 (West Supp. 2014), art. 27.16 (West 2006).  Appellant seemed to argue in the county criminal court that the county assessor-collector wrongfully refused to renew his vehicle registration based on his nonpayment of a civil fine previously imposed for his failure to stop at a red light at an intersection equipped with red-light cameras.[2]  *See* Tex. Transp. Code Ann. § 707.002 (West 2011), § 707.017 (West Supp. 2014).  The county criminal court found Appellant guilty

---

[2]The record contains no information or evidence regarding this alleged citation such as the date it was issued, the issuing city, or whether Appellant subsequently attempted to renew his registration but was denied based on the unpaid red-light citation.

2

of failing to have a current registration for his vehicle and entered judgment ordering Appellant to pay a fine of $1 and all costs.

Appellant filed a notice of appeal to this court and designated a partial reporter's record, requesting that only his opening statements in the county criminal court be transcribed. *See* Tex. R. App. P. 34.6(c). On appeal, Appellant argues that transportation code section 707.017—the statutory provision allowing a county assessor-collector to refuse to renew a vehicle's registration if a vehicle owner fails to pay a red-light-camera citation—is unconstitutional by depriving him of a property interest without procedural due process. *See* Tex. Code Crim. Proc. Ann. art. 4.03 (West 2015) (providing limited appellate jurisdiction to courts of appeals over case appealed from municipal court to county criminal court if the fine imposed exceeds $100 or if "the sole issue is the constitutionality of the statute or ordinance on which the conviction is based").

Appellant challenges the constitutionality of section 707.017 based on the State's alleged failure to provide him procedural due process before denying his vehicle registration under the auspices of that statute. He does not in any way challenge the "constitutionality of the statute or ordinance on which the conviction is based"—transportation code sections 502.059 and 502.471. Because the fine assessed by the county criminal court, exclusive of costs, did not exceed $100 and because Appellant is not challenging the constitutionality of section 502.059 or section 502.471, we have no jurisdiction over his attempted appeal. *See id.* Accordingly, we dismiss the appeal. *See Cooper v. State*, No. 05-10-01004-CR,

3

2012 WL 3631237, at *2 (Tex. App.—Dallas Aug. 24, 2012, pet. ref'd) (mem. op., not designated for publication) (citing *Boyd v. State*, 11 S.W.3d 324, 325 (Tex. App.—Houston [14th Dist.] 1999, no pet.)); *Hernandez v. State*, No. 04-07-00085-CR, 2008 WL 441783, at *1 (Tex. App.—San Antonio Feb. 20, 2008, no pet.) (mem. op., not designated for publication).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  GARDNER, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 28, 2015

4