NO. 07-02-0365-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 28, 2003
_____

ROBERT SCHEIDT,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY;

NO. 2002-1134-L; HON. JAMES W. ANDERSON, PRESIDING
_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant Robert Scheidt appealed *pro se* his conviction of two traffic offenses in the Amarillo Municipal Court, Potter County, Texas, to the Randall County Court at Law.[2] The offenses actually occurred in Amarillo, Randall County, Texas. Nevertheless, the Randall County Court at Law dismissed the appeal for want of jurisdiction.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

[2]We take judicial notice from our records that an appeal was also filed in the Potter County Court at Law. *See Trevino v. Pemberton,* 918 S.W.2d 102, 103 n.2 (Tex. App.--Amarillo 1996, no writ) (holding that an appellate court may judicially notice its own records in the same or a related proceeding). However, appellant first appealed to the Randall County Court at Law. We dismissed the appeal filed in Potter County because appellant failed to pay or make arrangements to pay for the clerk's record and failed to respond to a directive of this court.

Appellant's brief in this matter was due to be filed on February 21, 2003. However, he neither filed a brief nor a motion requesting an extension of the briefing deadline. We notified appellant of that circumstance by letter dated March 4, 2003. In that letter, we also informed him that if no satisfactory response was received from him by March 14, 2003, the appeal would be submitted on the record only as per Texas Rule of Appellate Procedure 38.8(b). To date, neither a brief nor response have been received by appellant. Furthermore, appellant is not an indigent; nor has he retained counsel. Thus, under the authority of Rule 38.8(b)(4) of the Texas Rules of Appellate Procedure, we consider this appeal without briefs.[3]

This court has jurisdiction to determine whether the Randall County Court at Law properly exercised its jurisdiction. *State v. Morse,* 903 S.W.2d 100, 102 (Tex. App.—El Paso 1995, no pet.). One appealing from a municipal court of record must generally appeal to a county criminal court, county criminal court of appeal, or municipal court of appeal. TEX. GOV'T CODE ANN. §30.00014(a) (Vernon Supp. 2003). However, if those courts do not exist within the county, then the appellate court with jurisdiction over the matter is the county court at law. *Id.* Those courts do not exist within either county wherein lies the boundaries of the City of Amarillo. Thus, by default, jurisdiction would lie in the county court at law. And, because the boundaries of the City of Amarillo lie within

---

[3]Under Rule 38.8(b)(4), the appellate court must act appropriately to ensure that the appellant's rights are protected. Furthermore, if the appellant is not indigent, as the trial court found at bar, and has failed to make the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice requires. TEX. R. APP. P. 38.8(b)(4). Admittedly, this procedure is unorthodox for it places the appellate court in the position of being the appellant's advocate to some extent. So too does it implicitly deny the appellee (*i.e.* the State of Texas) opportunity to file a brief illustrating why the order appealed from should be affirmed. Yet, we note that the State is not left without opportunity to present its argument for it may file a motion for rehearing via Texas Rule of Appellate Procedure 49.1. That vehicle may be utilized to inform the appellate court of error, if any, in its decision.

the counties of both Randall and Potter, the legislature has expressly declared the county courts at law of both counties as the appellate courts with jurisdiction over an appeal. TEX. GOV'T CODE ANN. §30.00931 (Vernon Supp. 2003). In other words, the appellant at bar was entitled to appeal from the Amarillo Municipal Court of record to either the county court at law of Randall County or those of Potter County. Here, he chose that of Randall County, as permitted by statute. Therefore, the Randall County Court at Law had jurisdiction to consider appellant's appeal from the Amarillo Municipal Court and erred when it dismissed the proceeding for want of jurisdiction.

Admittedly, a sister court of appeal has held that where a municipal court is located in one county and an offense occurs in another county within the jurisdiction of the municipal court, the county court at law where the municipal court actually sits is the court with appellate jurisdiction. *Abouk v. Fuller,* 738 S.W.2d 297, 298-99 (Tex. App.—Dallas 1987, no writ). Yet, that case is inapposite for it did not involve the City of Amarillo or §30.00931 of the Government Code. Moreover, it was decided before the enactment of §30.00931, which provision expressly applies to the City of Amarillo and authorizes an appeal to county courts of either Randall or Potter County.

Accordingly, we reverse the order of the Randall County Court at Law dismissing (for want of jurisdiction) appellant's appeal from the Amarillo Municipal Court and remand the cause to the Randall County Court at Law for further proceedings.


Brian Quinn
Justice

Publish.

3