

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00117-CR

**IN RE** Louis H. **CONFER**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
                Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  March 5, 2014

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

On February 19, 2014, relator Louis H. Confer filed a pro se petition for writ of mandamus. Confer appears to seek an order directing the trial court to dismiss the charges against him and nullify his conviction in the underlying criminal proceedings in Bandera, Texas municipal court. However, this court does not have jurisdiction to grant the requested relief. By statute, this court has the authority to issue a writ of mandamus against "a judge of a district or county court in the court of appeals district" and other writs as necessary to enforce our appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a)-(b) (West 2004). We conclude the writ in this instance is not necessary to enforce our jurisdiction. Accordingly, relator's petition for writ of mandamus is dismissed for lack of jurisdiction.

---

[1] This proceeding arises out of Cause Nos. 120980 and 121055, styled *The State of Texas v. Louis H. Confer*, pending in the Municipal Court of Bandera County, Texas, the Honorable Frances Kaiser presiding.

Alternatively, Confer's petition could be construed by this court as a petition for writ of habeas corpus. To the extent that Confer seeks habeas relief in this original proceeding, this court, as an intermediate court of appeals, is not authorized to grant the relief requested. Pursuant to section 22.221(d) of the Texas Government Code, in civil matters, a court of appeals "may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case." TEX. GOV'T CODE ANN. § 22.221(d) (West 2004). In criminal matters, however, an intermediate court of appeals has no original habeas corpus jurisdiction. *Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.). In criminal matters, the courts authorized to issue writs of habeas corpus are the Texas Court of Criminal Appeals, district courts, and county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005). Therefore, Confer's petition, construed as a petition for writ of habeas corpus, is dismissed for lack of jurisdiction.

Additionally, Confer filed a "Notice of Appeal" by which he appears to request leave to file a late notice of appeal of his underlying conviction. *See* TEX. GOV'T CODE ANN. § 30.00014(c) (West Supp. 2013). This court likewise does not have jurisdiction over appeals from a judgment or conviction in a municipal court. *See* TEX. GOV'T CODE ANN. § 30.00014(a) (West Supp. 2013); *Scheidt v. State*, 101 S.W.3d 798, 799 (Tex. App.—Amarillo 2003, no pet.). Accordingly, Confer's "Notice of Appeal" is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH