

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00259-CV

IN RE 2600 EAST AMARILLO BOULEVARD
GAMBLING PARAPHERNALIA AND PROCEEDS

On Appeal from the Municipal Court
City of Amarillo, Texas
Trial Court No. 18CVGP008, Honorable Laura Hamilton, Presiding

August 8, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant, Hector Alvarado Deleon, attempts to appeal an *Order of Forfeiture* issued by the Municipal Court for the City of Amarillo. We dismiss the appeal because appellant has not paid the filing fee and for want of jurisdiction.

Deleon filed his notice of appeal without paying the requisite filing fee. By letter dated July 18, 2019, the Clerk of this Court notified Deleon that unless he was excused from paying costs under Rule of Appellate Procedure 20.1, failure to pay the filing fee by July 29 would result in dismissal of the appeal. To date, Deleon has not paid the filing fee, communicated to the Clerk that he is presumed indigent under Appellate Rule 20.1,

or sought leave to proceed without the payment of costs. TEX. R. APP. P. 20.1; TEX. R. CIV. P. 145. Because Deleon failed to comply with a requirement of the appellate rules and a notice from the Clerk requiring action within a specified time, we will dismiss the appeal. TEX. R. APP. P. 42.3(c).

Additionally, this Court does not have appellate jurisdiction to review a judgment from a municipal court. Rather, an appellant must appeal a municipal court judgment to a municipal court of appeal or the county courts. *See* TEX. GOV'T CODE ANN. § 30.00014(a) (West Supp. 2018); *Scheidt v. State*, 101 S.W.3d 798, 799 (Tex. App.—Amarillo 2003, no pet.) (finding that an appellant is "entitled to appeal from the Amarillo Municipal Court of Record to either the county court at law of Randall County or those of Potter County."); *see also* TEX. GOV'T CODE ANN. § 30.00027(a) (West Supp. 2018) (providing that appellate courts have jurisdiction to review a municipal court judgment only if (1) the fine assessed exceeds $100 and the judgment is affirmed by the county court; or (2) the sole issue is the constitutionality of the statute or ordinance on which a conviction is based). By letter of July 24, 2019, we notified Deleon that it did not appear we had jurisdiction to review the municipal court's judgment and directed him to file a response showing grounds for continuing the appeal by August 5 or the appeal would be dismissed for want of jurisdiction. Deleon did not file a response to this Court's letter. Because we are without jurisdiction to review the municipal court's *Order of Forfeiture*, we also dismiss the appeal for want of jurisdiction. TEX. R. APP. P. 42.3(a).

Accordingly, the appeal is dismissed. TEX. R. APP. P. 42.3(a), (c).

Per Curiam