

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00108-CR

_____

THE STATE OF TEXAS

V.

MATTHEW DALE PUGH, Appellee

---

On Appeal from County Criminal Court No. 10
Tarrant County, Texas
Trial Court No. A3236651

---

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

## I. Introductory Summary

In the City of Arlington Municipal Court, a municipal court of record, a jury convicted Matthew Dale Pugh of offensive physical contact, a Class C misdemeanor, and the court assessed a $500 fine as Pugh's punishment. *See* Tex. Penal Code Ann. § 22.01(a)(3), (c). Pugh appealed the municipal court's judgment to County Criminal Court No. 10,[1] which ruled in Pugh's favor, reversed the municipal court's judgment, and remanded Pugh's case for a new trial. The State now seeks to appeal the county court's judgment to us.

Concerned that we lacked jurisdiction over the State's appeal because the State did not meet the requirements of Texas Government Code Section 30.00027(a), we asked the parties to show cause why it should not be dismissed. *See* Tex. Gov't Code Ann. § 30.00027(a). The State responded and asserted that we have jurisdiction. Without ruling on the jurisdictional issue, we set the case for submission. The case now having been submitted, we hold that we do not have jurisdiction over the State's appeal. *See id.*

---

[1]For brevity, we refer to it as the county court.

## II. Our Jurisdiction

When a case originates in a municipal court of record, is appealed to a county court, and is then appealed to our court, the statute governing our jurisdiction is Texas Government Code Section 30.00027:

> (a) The appellant has the right to appeal to the court of appeals[2] if:
>
> > (1) the fine assessed against the defendant exceeds $100 and the judgment is affirmed by the appellate court; or
> >
> > (2) the sole issue is the constitutionality of the statute or ordinance on which a conviction is based.
>
> (b) The provisions of the Code of Criminal Procedure relating to direct appeals from a county or a district court to the court of appeals apply to the appeal, except that:
>
> > (1) the record and briefs on appeal in the appellate court constitute the record and briefs on appeal to the court of appeals unless the rules of the court of criminal appeals provide otherwise; and
> >
> > (2) the record and briefs shall be filed directly with the court of appeals.

*Id.* at § 30.00027. In our clerk's letter to the parties, we questioned our jurisdiction because (1) the State was not appealing a case in which the defendant received a fine in excess of $100 that the county court affirmed and (2) the State could not be appealing the constitutionality of any underlying statute or ordinance on which the

---

[2]In the context of the Texas Government Code, the "court of appeals" refers to one of the fourteen district court of appeals, such as our own. The "appellate court" refers to the county court acting in its capacity as an appellate court. *See* Tex. Gov't Code Ann. § 30.00002(1).

3

conviction was based because there was no conviction. In the State's response, it argued that we have jurisdiction to hear the state's appeal under Article 44.01 of the Texas Code of Criminal Procedure, which entitles the state to appeal certain orders, including orders that grant a new trial or modify a judgment. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(2)-(3). The State also argues that we have jurisdiction to review the county court's exercise of its jurisdiction.

### III. The State's Arguments and Analysis

**A. Article 44.01**

The State presents four arguments to support its position that it has the right to appeal under Article 44.01. We address each argument in turn.

#### 1. Section 30.00014(a)

First, to support its argument that Section 30.00027 does not prohibit an appeal under Article 44.01, the State relies on Section 30.00014(a), which provides: "A defendant has the right of appeal from a judgment or conviction in a municipal court of record. The state has the right to appeal as provided by Article 44.01, Code of Criminal Procedure." Tex. Gov't Code Ann. § 30.00014(a). But Section 30.00014(a) applies to appeals from the municipal courts of record to the county courts, not to appeals from the county courts to a court of appeals. Section 30.00027 governs the latter, and Section 30.00027 does not expressly refer to Article 44.01.

In our view, Section 30.00014(a) undercuts the State's position, because in it the legislature deliberately gave the State the right to appeal under Article 44.01. It

4

could have used that same language in Section 30.00027 but did not. *See Fireman's Fund Cnty. Mut. Ins. Co. v. Hidi*, 13 S.W.3d 767, 769 (Tex. 2000) ("When the Legislature has employed a term in one section of a statute and excluded it in another, we presume that the Legislature had a reason for excluding it.")

**2. *Morales***

Second, the State points to an opinion, *State v. Morales*, involving the State's appeal of a county criminal court's orders affirming municipal court orders (1) granting the defendant's motion for new trial and (2) granting the defendant's application for writ of habeas corpus and entering a judgment of acquittal. 322 S.W.3d 297, 298 (Tex. App.—Dallas 2010, no pet.). In noting that "the State timely appealed that judgment to this Court," our sister court cited to Texas Code of Criminal Procedure Article 44.01(a)(3) and (4). *Id.* To the extent that *Morales* supports the position that we can consider Article 44.01 in our jurisdictional analysis, we decline to follow it. But we are not convinced that *Morales* supports that proposition at all. In *Morales*, the court of appeals' jurisdiction does not appear to have been a contested issue. The jurisdictional question was neither addressed nor analyzed in the opinion, so there is no indication that the court, in citing to Article 44.01, was doing so after having received the benefit of adversarial briefing on that point.

**3. *Alvarez***

5

Third, the State relies on *Alvarez v. Eighth Court of Appeals of Texas*, 977 S.W.2d 590 (Tex. Crim. App. 1998) (orig. proceeding). But our case and *Alvarez* are not in the same procedural posture. Our case involves the typical appellate ladder—municipal court, to county court, to court of appeals. In contrast, *Alvarez* involved criminal proceedings in the El Paso Municipal Court that were still pending; petitions for writ of habeas corpus in the appellate court (the El Paso County Court at Law No. 3)—original proceedings, not appeals; petitions for writ of mandamus and writ of prohibition in the court of appeals (Eighth District Court of Appeals at El Paso)—again, original proceedings, not appeals; and a petition for writ of mandamus in the Texas Court of Criminal appeals—yet another original proceeding. *Id.* at 591. For that reason, Government Code Section 30.00027 never came into play.[3] Thus, *Alvarez*

---

[3]Nor would Section 30.00027 (or any of its statutory predecessors) have ever come into play. Had there been an ordinary appeal, El Paso municipal courts had a city-specific statute, not a general statute, such as Section 30.00027, that would have governed:

> Sec. 30.073. APPEALS TO COURT OF APPEALS; RECORDS. (a) If a judgment is affirmed or an appeal is dismissed by the appellate court, the appellant may appeal to the court of appeals if the fine assessed against the appellant in the municipal court of record exceeds $100 or if the appellant has placed in issue in his brief filed in the appellate court the constitutionality of the statute or ordinance on which his conviction is based. If the constitutionality of a statute or an ordinance is in issue, the court of appeals may consider only that issue and not other issues that were before the appellate court.

Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, 1985 Tex. Gen. Laws, 1720, 1841 (formerly codified at Tex. Gov't Code Ann. § 30.073). In 1997, Section 30.073 was

6

did not address whether the City of El Paso had the right to appeal a county court order disposing of an appeal from a municipal court of record.

### 4. *Morse*

Fourth, the State relies on *State v. Morse*, which involved the State's attempt to appeal a county court's ruling reversing Morse's conviction and ordering that the trial court enter a judgment of aquittal. 903 S.W.2d 100, 101 (Tex. App.—El Paso 1995, no pet.). *Morse* involved a Midland municipal court and was decided under Section 30.246 of the Texas Government Code, which applied specifically to Midland municipal courts. *Id.* at 101–02.

Although Section 30.246 was similar to Section 30.00027(a), it differed from Section 30.00027(a) in one important way:

SUBCHAPTER H. MIDLAND

. . . .

§ 30.246.  APPEAL TO COURT OF APPEALS

The *defendant* has the right to appeal to the court of appeals if the fine assessed against the defendant exceeds $100 and the judgment is affirmed by the appellate court. The provisions of the Code of Criminal Procedure, 1965, relating to direct appeals from a county or a district court to the court of appeals apply to the appeal, except that:

(1) the record and briefs on appeal in the appellate court and the transcript of proceedings in the appellate court constitute the record

---

renumbered as Section 30.00163.  Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 8.06, 1997 Tex. Gen. Laws 327, 389.

and briefs on appeal to the court of appeals unless the rules of the court of criminal appeals provide otherwise; and

(2) the record and briefs shall be filed directly with the court of appeals.

Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, 1985 Tex. Gen. Laws, 1720, 1866 (formerly codified at Tex. Gov't Code Ann. § 30.246) (emphasis added).

In holding that Article 44.01 authorized the state to pursue its appeal, the El Paso Court of Appeals reasoned that because nothing in Section 30.246 expressly prohibited a State's appeal, Article 44.01 applied as a default provision. *Morse*, 903 S.W.3d at 103 ("[S]ince Section 30.237 and Section 30.246 have not been amended to expressly prohibit a State's appeal, such an appeal may be provided for in some provision other than these statutes, namely, Article 44.01.").

We are not in the same procedural posture as *Morse*. While Section 30.246 did not address a State's appeal, Section 30.00027 does. Section 30.246 used the word "defendant," so the restriction in *Morse* applied clearly only to defendants. But Section 30.00027(a)'s use of "appellant" is broader and includes both defendants and the State, so the restrictions apply to both.

We note that the earliest version of Section 30.00027 (the general provision, as distinguished from provisions that apply strictly to one city, like the one in *Morse*) was Section 30.505, and it used the term "defendant." Act of May 23, 1987, 70th Leg., R.S., ch. 811, § 1, 1987 Tex. Gen. Laws, 2809, 2814. Effective September 1, 1997, Section 30.505 was renumbered (without any editing) as Section 30.00025. Act of

8

May 8, 1997, 75th Leg., R.S., ch. 165, § 8.02, 1997 Tex. Gen. Laws 327, 389. Thus, we know that at one time the restriction applied only to defendants who had appealed from the municipal court to the county court, who lost their appeal in the county court, and who wanted to appeal from the county court to the courts of appeals.

But effective September 1, 1999, Section 30.00025 was renumbered as Section 30.00027 and—more importantly—the word "defendant" was changed to "appellant." Act of May 27, 1999, 76th Leg., R.S., ch. 691, § 1, 1999 Tex. Gen. Laws, 3263, 3270. When the legislature amends a statute, we presume that the legislature intended to change the law, and we give effect to that intended change. *Phelps v. State*, 532 S.W.3d 437, 444 (Tex. App.—Texarkana 2017, pet. ref'd). By changing "defendant" to "appellant," the legislature broadened Section 30.00027(a) to encompass the State.

Because the State falls under Section 30.00027(a), we have no need to look beyond it for a default provision. In short, Article 44.01 of the Texas Code of Criminal Procedure becomes superfluous to the analysis.

Furthermore, if we broadened Section 30.00027 to include the Texas Code of Criminal Procedure to expand the right of appeal, we would have to include—in addition to Article 44.01—Article 44.02. With exceptions applicable to plea bargains not relevant here, Article 44.02 affords defendants unrestricted appeals: "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed . . . ." Tex. Code Crim. Proc. Ann. art. 44.02. And if we applied both Article 44.01

and Article 44.02 to establish our jurisdiction to hear these appeals, then Section 30.00027(a) would be rendered meaningless. "In interpreting a statute, we must read it as a whole and construe it to give meaning and purpose to every part." *Adcock v. Sherling*, 923 S.W.2d 74, 77 (Tex. App.—San Antonio 1996, no writ); *see Washington v. State*, 449 S.W.3d 555, 569 n.10 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Courts should avoid constructions that render statutes or portions thereof meaningless. *See Ludwig v. State*, 931 S.W.2d 239, 242 n.9 (Tex. Crim. App. 1996); *Gordon v. State*, 707 S.W.2d 626, 629 (Tex. Crim. App. 1986); *Washington*, 449 S.W.3d at 569 n.10.

## B. Jurisdiction to Review Jurisdiction

Finally, the State relies on four cases for the proposition that we have jurisdiction—independently of Section 30.00027—to review the county court's exercise of its jurisdiction over appeals from municipal courts of record:[4]

### 1. *Martin*

In *Martin*, after the defendant was convicted in a corporation court and assessed a fine of $100, he tried to appeal to the county court for a trial de novo, but the county court dismissed his appeal because it concluded that the defendant's bond

---

[4]The four cases are: *Martin v. State*, 346 S.W.2d 840 (Tex. Crim. App. 1961); *Morse*, 903 S.W.2d at 102; *Scheidt v. State*, 101 S.W.3d 798, 799 (Tex. App.—Amarillo 2003, no pet.); and *Bailey v. State*, No. 05-97-00935-CR, 1998 WL 737978, at *1 n.1 (Tex. App.—Dallas Oct. 23, 1998, pet. ref'd) (mem. op., not designated for publication).

10

was improper. 346 S.W.2d at 840. The defendant then tried to appeal directly to the Texas Court of Criminal Appeals.[5] *Id.*

The State argued that the Court of Criminal Appeals lacked jurisdiction because in cases originating from a corporation court, the Court of Criminal Appeals' jurisdiction was limited to convictions where the fine assessed "in the County Court" exceeded $100.[6] *Id.* The Court of Criminal Appeals agreed that its jurisdiction over county court judgments in that procedural posture was limited to cases in which the county court assessed a fine in excess of $100, but it held that it had jurisdiction to consider whether a county court erred in refusing to assert its jurisdiction. *Id.* "[T]he

---

[5]The courts of appeals did not acquire criminal appellate jurisdiction until September 1, 1981. *Todd v. State*, 661 S.W.2d 116, 117–18 (Tex. Crim. App. 1983).

[6]Article 4.03 had similar wording, but the legislature amended Article 4.03 in 2011 to add "or affirmed":

> Art. 4.03. COURTS OF APPEALS. The Courts of Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases except those in which the death penalty has been assessed. This Article shall not be so construed as to embrace any case which has been appealed from any inferior court to the county court, the county criminal court, or county court at law, in which the fine imposed *or affirmed* by the county court, the county criminal court or county court at law does not exceed one hundred dollars, unless the sole issue is the constitutionality of the statute or ordinance on which the conviction is based.

Act of May 27, 2011, 82nd Leg., R.S. ch. 1324, § 1, art. 4.03, 2011 Tex. Sess. Law Serv. 3838, 3838 (codified at Tex. Code Crim. Proc. Ann. art. 4.03) (emphasis added).

11

question here presented is whether the county court should have dismissed the appeal. If the bond was proper, his appeal should not have been dismissed and he is entitled to a trial de novo." *Id.* It continued, "There is no [constitutional] exception . . . which would withhold jurisdiction of such a question from this court," and it concluded, "It is clear[,] therefore, that this Court has jurisdiction to review an order of a county court dismissing an appeal from an inferior court." *Id.*

*Martin* involved a county court refusing to assert its jurisdiction, and it was the failure to assert jurisdiction—not a ruling on the merits of the appeal—that the Court of Criminal Appeals said authorized it to review the county court's decision. Here we have a county court that asserted jurisdiction, not one that refused to assert its jurisdiction, so the *Martin* rationale does not apply. *Martin* never addressed whether the State could appeal an adverse ruling from the county court after the county court had properly or improperly exercised its jurisdiction.

Further, we note that in the context of a defendant's appealing of a county court's dismissal order, we have declined to apply *Martin*. *See Ramirez v. State*, No. 02-12-00011-CR, 2012 WL 955371, at *1 (Tex. App.—Fort Worth Mar. 22, 2012, pet. ref'd) (per curiam) (mem. op., not designated for publication). We analyzed the case under Section 30.00027(a). *Id.* Because *Martin* predated Section 30.00027, and because the right to appeal is statutory, we declined to extend *Martin* to the facts in *Ramirez*. *Id.* For the same reasons, we decline to apply *Martin* here.

12

We note too that the Court of Criminal Appeals in *Martin* relied on the Texas Constitution to determine its jurisdiction. *Martin*, 346 S.W.2d at 840. At issue here is not the Court of Criminal Appeals' jurisdiction but ours. *Martin* never addressed whether its analysis would be the same if the jurisdiction in question was that of a court of appeals.

Under the Texas Constitution, we have jurisdiction as "prescribed by law." *See* Tex. Const. art. V, § 6. The prescribed law is Section 30.00027.

### 2. *Morse*

We recognize that *Morse* has read *Martin* more broadly: "[A] court of appeals may address the propriety of the county court's *exercise of jurisdiction*, or refusal to do so, under its general jurisdiction." *Morse*, 903 S.W.2d at 102 (emphasis added) (citing *Martin,* 346 S.W.2d at 840). We do not, however, read *Martin* so broadly. *Martin* addressed only a county court's refusal to exercise jurisdiction.

The State appears to read *Morse* for the proposition that courts always have the power to determine jurisdiction. While it is true that we have the power to determine our own jurisdiction, *see Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996), the State's complaint is not with our jurisdiction. Rather, the State's complaint is with the county court's exercise of its jurisdiction. To answer that question, we must have jurisdiction over the State's appeal, but we have no such jurisdiction under Section 30.00027(a). When an appellate court's jurisdiction is not legally invoked, the appellate

13

court has no power to act. *Id.* We have no power to address the merits of the State's complaints. [7]

---

[7]Assuming that we had jurisdiction to review whether the county court improperly exercised jurisdiction over Pugh's appeal, our review would be focused only on whether the county court properly asserted jurisdiction and, if it did, we would not reach the merits of the county court's decision. It appears from the record that the county court properly exercised jurisdiction over Pugh's appeal.

The record shows that Pugh invoked the jurisdiction of the county court by timely filing a motion for new trial and a written notice of appeal. Even though Pugh's notice of appeal was not filed as a separate document, it was contained within his cash deposit in lieu of bond, thus complying with the Texas Government Code. *See* Tex. Gov't Code Ann. § 30.00014(c), (d); *see also* Tex. R. App. P. 25.2(c)(2) (providing that a notice of appeal "is sufficient if it shows the party's desire to appeal from the judgment or other appealable order"); *Harkcom v. State*, 484 S.W.3d 432, 434 (Tex. Crim. App. 2016) ("We do not require 'magic words' or a separate instrument to constitute notice of appeal.").

Pugh also timely filed a cash deposit in lieu of bond—for twice the amount of the municipal court fine and costs—that complied with the Government Code. *See* Tex. Gov't Code Ann. § 30.00015(b) ("The appeal bond must be in the amount of $100 or double the amount of the fines and costs adjudged against the defendant, whichever is greater."). For unknown reasons, the county clerk at some point sent a letter to the municipal court stating that it was returning Pugh's "appeal" because Pugh had purportedly filed his "Appeal Bond" untimely, and his cash deposit was thereafter apparently forfeited by the municipal court because it had erroneously concluded that the county court had dismissed Pugh's appeal. But we fail to see how errors made by the county and municipal court clerks could deprive the county court of jurisdiction that it had rightfully acquired. Nor could the clerk's letter indicating— also erroneously—that the county court had dismissed Pugh's appeal deprive the court of jurisdiction. The record shows that the county court did not dismiss Pugh's appeal, notwithstanding the clerk's letter to the contrary. *See* Tex. R. App. P. 26.2(a)(1) (providing that, when no motion for new trial is filed, defendant must file notice of appeal "within 30 days . . . after the day the trial court enters an appealable order"); *State v. Rosenbaum*, 818 S.W.2d 398, 402 (Tex. Crim. App. 1991) (stating that "entered by the court" in Article 44.01(d) means the signing of an order by the trial judge); *In re Simmonds*, 271 S.W.3d 874, 881 n.5 (Tex. App.—Waco 2008, no pet.) ("Plainly, a clerk's letter like those sent to [the inmate] cannot satisfy the statute's

14

### 3. *Scheidt*

In *Scheidt*, after the defendant was convicted in a municipal court, the county court dismissed his appeal for want of jurisdiction. 101 S.W.3d at 798. Citing *Morse*, the court of appeals wrote, "This court has jurisdiction to determine whether the [county court] properly exercised its jurisdiction." *Id.* at 799. Despite the broad statement made, this case, too, involved the refusal of a county court to exercise its jurisdiction. But, more importantly, the court in *Scheidt* never attempted to analyze its jurisdiction under Section 30.00027 but relied, instead, strictly on *Morse*. *Scheidt* adds nothing new to the jurisdictional analysis.

### 4. *Bailey*

In *Bailey*, the municipal court found the defendant guilty and assessed a $45 fine. 1998 WL 737978, at *1. After the county court affirmed the municipal court's judgment, the defendant appealed to the court of appeals and argued that neither the municipal court nor the county court had jurisdiction. *Id.* The court of appeals relied on *Morse* to assert jurisdiction. *Id.* n.1. As discussed above, we are not persuaded that *Morse* is dispositive.

After considering the four cases that the State relies on—*Martin*, *Morse*, *Scheidt*, and *Bailey*—we hold that the State, as the appellant, cannot meet Section

requirement for a court order."). Indeed, Pugh's appeal remained pending in the county court until, properly asserting its jurisdiction over the appeal, the county court asked the parties to file briefs, and, ultimately, ruled on the merits.

15

30.00027(a)(1)'s requirement because, regardless of the amount of any fine, the county court did not affirm Pugh's conviction. After the county court's ruling, Pugh has neither a fine nor a conviction. And the State, as the appellant, cannot meet Section 30.00027(a)(2)'s requirement because the State is not contesting the constitutionality of the statute or ordinance on which Pugh's conviction was based.

Finally, Section 30.00027(b) providing that the provisions of the Code of Criminal Procedure apply to these appeals, refers to "the appeal," which we construe to mean an appeal under Section 30.00027(a). Section 30.00027(b) addresses procedural, not jurisdictional, issues, and for the reasons set forth above, we do not read it to broaden our jurisdiction beyond that set forth in Section 30.00027(a).

The State's appeal is thus not authorized under Section 30.00027.

We hold that we do not have jurisdiction over the State's appeal. *See* Tex. Gov't Code Ann. § 30.00027.

## IV. Conclusion

We dismiss the State's appeal for want of jurisdiction.


/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 2, 2022

16