

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00331-CR
No. 07-22-00332-CR
No. 07-22-00333-CR
No. 07-22-00334-CR
No. 07-22-00335-CR
No. 07-22-00336-CR
No. 07-22-00337-CR
No. 07-22-00338-CR
No. 07-22-00339-CR

TONY OMAR GARCES, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the Municipal Court for the City of Amarillo, Texas
Trial Court Nos. MC045246-02; MC045246-03; MC045247-01; MC045248-01;
MC045249-01; MC045251-01; MC045252-01; MC045250-01; and MC045249-02;
Honorable Laura Hamilton, Presiding

December 14, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Tony Omar Garces, Jr., filed a notice of appeal with this Court seeking to appeal nine orders issued by the Amarillo Municipal Court in nine separate trial court causes. This Court does not have appellate jurisdiction to review these municipal court orders by direct appeal, however. *See In re 2600 E. Amarillo Boulevard Gambling Paraphernalia & Proceeds*, No. 07-19-00259-CV, 2019 Tex. App. LEXIS 6960, at *1–2 (Tex. App.—Amarillo Aug. 8, 2019, no pet.) (mem. op.) (per curiam). Rather, an appellant must appeal a municipal court judgment to a municipal court of appeal or the county courts. *See* TEX. GOV'T CODE ANN. § 30.00014(a); *Scheidt v. State*, 101 S.W.3d 798, 799 (Tex. App.—Amarillo 2003, no pet.) (finding that an appellant is "entitled to appeal from the Amarillo Municipal Court of Record to either the county court at law of Randall County or those of Potter County"); *see also* TEX. GOV'T CODE ANN. § 30.00027(a) (providing that appellate courts have jurisdiction to review a municipal court judgment only if (1) the fine assessed exceeds $100 and the judgment is affirmed by the county court; or (2) the sole issue is the constitutionality of the statute or ordinance on which a conviction is based).

By letter of November 14, 2022, we directed Garces to show how we have jurisdiction over the appeals. Garces has filed a response but has not shown grounds for continuing the appeals.

Because we are without jurisdiction to review the municipal court's orders, we dismiss the appeals for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Per Curiam

Do not publish.

2